JAMES M. CAMPBELL, Plaintiff in Error, *v.* WILLIAM H. RANDOLPH, Defendant in Error.

| | |
|---|---|
| 13 | 313 |
| 21a | 640 |
| 23a | 366 |
| 13 | 313 |
| 55a | 441 |
| 13 | 313 |
| 67a | 104 |

ERROR TO McDONOUGH.

The admission of a party, in an action before a justice of the peace, that a claim produced against him is correct, is not a confession of judgment; he may prove payment, a set-off, &c., and such admission will not deprive him of his right to appeal.

THIS action was commenced by Randolph against Campbell before a justice of the peace. Campbell appeared before the justice and filed a set-off; and by his counsel admitted the correctness of the account filed by Randolph. No evidence was offered, and the justice gave judgment against Campbell. Campbell appealed to McDonough Circuit Court. In the Circuit Court, Randolph moved to dismiss the appeal. The Circuit Court, MINSHALL, Judge, presiding, at April term, 1851, sustained the motion and dismissed the appeal.

Campbell filed his bill of exceptions, showing that the appeal was dismissed for the reason that the judgment appealed from was by confession. Campbell offered to prove, by the justice who rendered the judgment against him and by another witness, that there was no confession of judgment, and that the judgment rendered was not by confession. The circuit court refused to hear such proof and sustained the motion to dismiss. Campbell sued out the writ of error from this court, and assigns for error,— the rendition of the judgment against Campbell, and the dismissal of the appeal; the refusal to try the cause on the merits, by hearing testimony, that the judgment before the justice was not by confession.

WARREN & EDMONDS, for plaintiff in error.

R. S. BLACKWELL, for defendant in error.

TREAT, C. J. Randolph recovered a judgment against Campbell before a justice of the peace. The entry of judgment was in these words: " This day being set for trial, and the parties appeared, and the defendant filed his set-off, but no proof being before the court, and the defendant, by his counsel, admitting the plaintiff's account, judgment is, therefore, rendered in favor of the plaintiff, and against the defendant, for the sum of seventeen dollars and twenty cents, principal and interest, and costs of suit." Campbell prosecuted an appeal, which was dismissed by the Circuit Court, on the ground that an appeal did not lie from such a judgment.

The statute reads thus: "Appeals from judgments of justices of the peace to the Circuit Court shall be granted in all cases except on judgments confessed." Rev. Stat. ch. 59, § 58. The present case is not within this exception. There was no judgment by confession. The defendant admitted the plaintiff's account. He dispensed with proof of its correctness. But he did not thereby conclude himself from insisting that the claim had been paid, or that he had just demands against the plaintiff. The admission left him at full liberty to make proof of his set-off; and, failing to establish it to the satisfaction of the justice,

to remove the case into the Circuit Court. If a party goes before a justice, and consents that judgment may be entered against him for a particular amount, he is not permitted to prosecute an appeal from the judgment. He thereby solemnly admits that he is justly indebted to the plaintiff to that extent, and the law, for wise reasons, estops him from afterwards controverting it. But no such effect follows from the simple admission of a party, made before a justice of the peace or elsewhere, that a particular claim produced against him is correct. The statement may be used as evidence against him, but it will not preclude him from showing that he has just demands against the other party.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*