BENJAMIN F. ELLIOTT

*v.*

JOSEPH DAIBER.

1. APPEALS — *lie from all judgments of justices of the peace, except when confessed.* Under our statute, appeals lie from all judgments rendered by justices of the peace, except when confessed.

2. SAME — *the exception as to confessed judgments — technical.* That portion of the statute, prohibiting appeals in cases when judgment has been confessed, has a technical application.

3. JUDGMENT — *confession of* — *what admission will not amount to.* Where a party sued before a justice of the peace, stated "that he could not deny the plaintiff's demand," such admission conferred no authority to enter a judgment by confession.

4. ADMISSIONS. Such an admission, while it acknowledged the demand to be just, in no sense amounted to a confession of judgment, and the right of appeal remained.

APPEAL from the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The facts in this case are sufficiently stated in the opinion.

Messrs. DALE & BURNETT, for the appellant.

Mr. DAVID GILLESPIE, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This case originated before a justice of the peace in Madison county. The action was upon a lost note. By the justice's transcript, it appears the defendant was arrested on a capias, and, when brought before the justice, said he could not deny the plaintiff's demand. Whereupon, "it was considered by the court, that the plaintiff have and receive, of the said defendant, the sum of ninety-nine dollars and eighty cents, for his demand against said defendant, with costs of suit."

The defendant took an appeal from this judgment to the Circuit Court, and at the May Term, 1866, the appellee entered a motion to dismiss the appeal, for the reason that the judgment below was by confession, and the court sustained the motion, the appeal was dismissed and a judgment rendered against appellant for the costs of suit.

To reverse this judgment, this appeal is taken.

Our statute provides, that appeals from judgments of justices of the peace to the Circuit Court, shall be granted in all cases, except on judgment confessed. Scates' Comp. 708.

This is technical. To say, by a party sued, that he cannot deny the demand, is in no sense a confession of judgment.

Such a declaration confers no authority upon the justice to enter a judgment of confession, as this justice understood, for he did not enter upon his docket that the defendant confessed judgment. He found against the defendant the amount claimed because he would not deny the demand, thereby admitting the demand to be just, but making no confession of judgment. It does not follow, because a defendant says he cannot deny the plaintiff's demand, that he is the plaintiff's debtor. The defendant may have claims to set off which he may not choose to litigate before the justice, but be willing the justice should find against him, so that he may take an appeal to another court and there litigate. By construing his declaration, that he could not deny the plaintiff's demand, as a confession of judgment, the right of appeal would be taken away, and the party injured. Here there was no confession, nor any thing equivalent to it. It was error therefore to dismiss the appeal, and for this error the judgment must be reversed and the cause remanded, with directions to the Circuit Court to try the cause upon its merits.

*Judgment reversed.*