## CHARLES BOETTCHER

*v.*

## HENRY BOOK *et al.*

1. CONFESSION OF JUDGMENT — *what constitutes.* Where the docket of a justice of the peace shows that the defendant agreed that plaintiff should have judgment for a given sum, and that the plaintiff accepted the judgment tendered, this will be sufficient to show a confession of judgment by the defendant, and no appeal will lie from the judgment.

2. SAME — *waiver of technical objections.* A defendant, by confessing judgment in a suit before a justice of the peace, waives all formal objections, such as, that the docket, or transcript thereof, does not show the nature of the plaintiff's demand.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Messrs. M. MARX & SON, for the appellant.

Mr. JOHN W. KREAMER, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The question in the present case is, did the court below err in dismissing the appeal on the ground that the judgment before the justice of the peace was, in the language of the statute, " a judgment confessed ? "  This is the entry of the judgment on the justice's docket, which must be taken as conclusive evidence of the facts therein recited :

" In justice court, before R. C. Hammill, justice of the peace, on change of venue from Francis Rolle, J. P., November 15, 1873.  Case continued to November 17, 1873, at 2 o'clock, P. M.  November 17, 1873, at time set for trial, case called. Five witnesses sworn, three witnesses examined on the part of the plaintiffs, and, by agreement, and consent of parties, case continued to November 18, 1873, at 7 o'clock, A. M., at which time case called.  Parties in court.  After consultation between parties and counsel, defendant agrees that plaintiff have judgment for one hundred and sixty-three dollars and ninety-four cents.  Plaintiffs, by their attorney, accept the judgment tendered by defendant.  One witness sworn in behalf of defendant, and, after hearing his evidence, judgment is rendered according to agreement of parties, in favor of plaintiff and against the defendant, for one hundred and sixty-three dollars and ninety-four cents and costs of suit."

In *Campbell* v. *Randolph*, 13 Ill. 314, the entry of judgment recited : " The parties appeared, and the defendant filed his set-off, but no proof being before the court, and the defendant, by his counsel, admitting the plaintiff's account, judgment is therefore rendered," etc.  It was held that this was not a confession of judgment, the court saying : " There was no judgment by confession.  The defendant admitted the plaintiff's account.  He dispensed with proof of its correctness.  But he did not thereby conclude himself from insisting that the claim had been paid, or that he had just demands against the plaintiff.  The admission left him at full liberty to make proof of his set-off ; and, failing to establish it to the satisfaction of the

justice, to remove the case into the circuit court. If a party goes before a justice and consents that judgment may be entered against him for a particular amount, he is not permitted to prosecute an appeal from the judgment. He thereby solemnly admits that he is justly indebted to the plaintiff to that extent, and the law, for wise reasons, estops him from afterward controverting it."

In *Elliott* v. *Daiber*, 42 Ill. 468, the entry shows the defendant said he could not deny the plaintiff's demand, and this was held not to be a confession of judgment. It was there said : "To say, by a party sued, that he cannot deny the demand, is in no sense a confession of judgment." * * * " It does not follow, because a defendant says he cannot deny the plaintiff's demand, that he is the plaintiff's debtor. The defendant may have claims to set off which he may not choose to litigate before the justice, but be willing the justice should find against him, so that he may take an appeal to another court and there litigate."

These are the only authorities cited by appellant on the question, and it will be observed they fall far short of the present case. Here, the defendant does not, as in those cases, admit merely the plaintiff's demand ; he entirely excludes the idea that he has any defense, by agreeing that the plaintiff shall have judgment against him for $163.94, which plaintiff accepts, and judgment is given accordingly. This is literally within the language of the court used in *Campbell* v. *Randolph, supra,* in illustrating and showing what would be a " judgment confessed," within the meaning of the statute.

No technical formality is required, under our statute, in the practice in justices' courts, and when a party there formally consents that judgment shall be given against him for a designated amount, and the judgment is thereupon so given, it is a "judgment confessed." What possible difference in sense, or in the result, can there be whether a party shall say, "I confess judgment for $163.94," or "I agree that judgment shall be given against me for $163.94 ?" In either case, all idea of

defense is excluded, and the judgment is rendered because the party consents it shall be.

The fact that a witness was heard for the defendant, after this admission, would seem to show that there was something then to be litigated; nevertheless, the record shows beyond doubt that there was nothing to be litigated at that time, because the judgment agreed to by the defendant was accepted by the plaintiff; and it was upon that mutual consent and agreement of the parties that the judgment was rendered. We are, therefore, compelled to believe that this statement should have preceded the statement of the agreement, and that it was placed after it through inadvertence.

The objection that the justice's transcript does not show the nature of the plaintiff's demand is not tenable. By confessing judgment, defendant waived all objections of this character.

*Judgment affirmed.*