## AURELIA LEWIS
### v.
## CHARLES E. BARBER.

*Confession of Judgment—Sufficiency of Cognovit—Fraud—Possession,
Fraudulent as to Creditors—Estoppel—Instructions.*

1. A confession of judgment is sufficient to authorize the clerk to enter
up the judgment if the cognovit contains the words, " I can not deny."

2. An instruction which calls special attention to an isolated fact in
the evidence thereby giving it undue prominence, is improper, but such
error is not a sufficient cause for reversal where the defeated party was not
thereby injured.

3. In an action of replevin against a Sheriff to recover property held by
him under certain executions, it is *held :*  That the possession of the son of
the plaintiff was fraudulent as to creditors, and that the plaintiff is estopped
from setting up a claim thereto.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Iroquois County; the
Hon. ALFRED SAMPLE, Judge, presiding.

Messrs. PAYSON & RAYMOND, for appellant.

The power to confess a judgment must be clearly given and
strictly pursued or the judgment will not be sustained.    Keith
v. Kellogg, 97 Ill. 147; Frye v. Jones, 78 Ill. 627, 632; Chase
v. Dana, 44 Ill. 262; Roundy v. Hunt, 24 Ill. 598; Follansbee
v. Scottish Am. Mortgage Co., 5 Ill. App. 18; Batty v. Cors-
well, 2 Johns. 48.

To say by a party sued that he can not deny the demand,

is in no sense a confession of judgment. Elliott v. Daiber, 42 Ill. 467.

The simple admission of a party that a particular claim produced against him is correct, is not a confession of judgment. Campbell v. Randolph, 13 Ill. 313.

The established practice in cases of confessions of judgments in courts of record requires the plaintiff to file a declaration, the warrant of attorney with proof of execution thereof and a plea of confession. Roundy v. Hunt, 24 Ill. 600; Tucker v. Gill, 61 Ill. 236.

A broad distinction is made in the adjudicated cases as to the force and effect of declarations and cognovits filed in term time and those filed in vacation. Inglehart v. Chicago M. & F. Ins. Co., 35 Ill. 514; Durham v. Brown, 24 Ill. 93.

When filed in vacation the clerk must look to cognovit alone. His acts are purely ministerial. Without the exercise of judicial powers and functions the clerk could not have said in this case that the plaintiff was entitled to recover anything. Tucker v. Gill, 61 Ill. 236.

Messrs. KAY & EUANS, for appellee.

LACEY, J. The appellee was Sheriff and held two executions against Henry F. Lewis, the son of appellant, issued on judgments as follows: One in favor of Joseph Evans against H. F. Lewis and John Ruder dated December 4, 1883, for $244.26; the second, in favor of Joseph Metzenbaugh against H. F. Lewis and Stephen Cissna, for $125.20.

These judgments were confessed by an attorney at law in favor of plaintiff in execution in the Circuit Court in vacation, by virtue of a power of attorney contained in the notes.

The main point urged for reversal in this case is that the cognovit was not in due form and that the language of the confession was not broad enough to authorize the clerk to enter up judgment.

The language of the cognovit being the same in both cases, is as follows: " The defendants come and defend the wrong and injury when, etc., waive process and say they can not deny

the action of the plaintiff, nor but that they undertook and promised in manner and form as the plaintiff hath complained, nor but that the plaintiff hath sustained damages on occasion of the non-performance of the several promises, etc., to the amount of $ ——," the amount in each judgment.

The objection raised to this form of confession is that it does not expressly confess judgment; that for the attorney in his cognovit to say he can not deny the claim set out in the declaration in manner and form therein charged, as was done in the above cognovit, is not a confession. It is not explicit enough. Elliott v. Daiber, 42 Ill. 467, and Campbell v. Randolph, 13 Ill. 313, are cited as so holding. Whatever expressions may be contained in those opinions it will be observed that it was not the sufficiency of a cognovit that was in question, and we can not regard them as authority in this kind of a case. We are satisfied that the cognovits in question are sufficiently clear and explicit to authorize the clerk to enter up judgment. The form used is equivalent to an express confession; to say, "I can not deny" is one form of confession. This is the form of cognovit in general use for the confession of judgments, and it was recognized and held sufficient in Keith v. Kellogg, 97 Ill. 147. A form similar to the one in question was set out in full in the opinion and held by the court to be good; no one thought of questioning its sufficiency. We regard this as sufficient.

Another point made is that the verdict was manifestly contrary to the evidence, and that the judgment should be re-. versed for that reason. The proof tended to show that the possession of the property in question by H. F. Lewis was fraudulent as to creditors and that he was the absolute owner of a part or all of the property. As to the colt it is in proof that he purchased it at a public sale. The appellant claims to have purchased the property of her husband, Elisha Lewis, father of Henry F., in September, 1878, by bill of sale, or at least the property of which a portion of this is the increase. The evidence shows that Henry F. had all the property in possession on the large farm which he occupied long before that time, with a one-half undivided interest in all the

Lewis v. Barber.

personal and real property; that his father owned the other half. This half interest his father purchased and sold to appellant for a pre-existing debt, due from him to her. Henry continued to remain in possession of the same as before, claiming to own the property and getting credit on the strength of it. The appellant told her son after her purchase to remain there and "to get his living off the place if he could for himself and family." "He has a large family and his health is poor." It appears that appellant paid but little if any attention to the affairs of the place, but Henry went ahead, traded and dealt with the stock and treated it as his own and procured credit on being the apparent owner of it with no objection or interference by appellant until some of the debts were pressed for payment. Probably not until these security debts were pressed.

There is evidence going to show that at least at one time appellant stated in order to give her son credit, that he was the owner of one-half the personal property. We think there was evidence to justify the jury in finding that property was not absolutely that of Henry; that his possession as to creditors was fraudulent in law and the appellant estopped from setting up her claim to it as against these judgment creditors.

It appears that Henry's wife owned an undivided half of the real estate of the farm on which they lived and kept the stock with other, in suit, and it is complained that the instruction by the court to the jury in behalf of appellee that this was "a circumstance to be considered as to whether or not defendant in execution, H. F. Lewis, was the owner of the property levied" on, was error. Undoubtedly this was one of the circumstances of the surroundings that might properly be in evidence and be considered by the jury, but according to many decisions of the Supreme and this court, it is not proper to call the special attention of the jury to an isolated fact in the evidence and thereby give it undue prominence, but such error will not be sufficient cause for reversal where the court can see that the defeated party was not injured by such instruction. We think error in view of all the circumstances.

is not of sufficient importance to justify reversal for that cause alone.

The judgment is therefore affirmed.

*Judgment affirmed.*