## J. W. GODDARD ET AL., CO-PARTNERS,
## v.
## HENRY FISCHER.

| 23 365 |
| 55 441 |
| 23 365 |
| 37 104 |

*Certiorari—Judgment in Justice Court—Whether on Confession.*

A judgment entered by a Justice of the Peace, which is based upon an admission by the defendant of the amount due, is not entered by confession, and a writ of *certiorari* lies to remove the cause in which such a judgment is entered into the Circuit Court.

[Opinion filed June 7, 1887.]

IN ERROR to the Circuit Court of Madison County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. G. M. COLE, for plaintiffs in error.

Messrs. T. E. FRUITT and E. C. & W. F. SPRINGER, for defendant in error.

WILKIN, J. The proceeding in the court below was upon a statutory *certiorari*, to remove a cause from a Justice of the Peace, issued on the petition of defendant in error. In the Circuit Court plaintiffs in error entered their motion to quash the writ on the grounds of the insufficiency of the petition, but the motion was overruled. No exception was taken to that ruling of the court, nor is any point made upon it here. Afterward a motion was made by the same parties to dismiss the proceeding, upon the ground that the judgment before the Justice of the Peace upon which the *certiorari* was sued out, was a judgment by confession.

To this motion defendant in error filed a cross-motion to strike it from the files, and the cross-motion was allowed. To this order plaintiffs in error excepted, and failing to make further appearance in the case the suit was dismissed for want of prosecution, at their cost.

Goddard v. Fischer.

But a single question is presented in this court, and that is whether or not the judgment of the Justice of the Peace was a judgment by confession, and therefore one from which an appeal or *certiorari* would not lie.

It is in this language: "And now, on this 10th day of October, 1885,. defendants appeared and acknowledged that the above demand is a just claim, and that they were and are indebted to the plaintiffs in the sum of $104.65. It is therefore considered that the plaintiff have judgment against the defendants for the sum of $104.65 and costs of suit."

It has none of the elements of a judgment by confession. It does not show that the defendants therein agreed or consented that judgment might be entered against them. The judgment is not entered by confession, but is the judgment of the Justice of the Peace, based on the admission of defendants. The recital of the admission and the entry of judgment are substantially the same as in Campbell v. Randolph, 13 Ill. 313, and Elliott v. Daiber, 42 Ill. 467, in both of which cases the Supreme Court hold that the judgments are not by confession, and that appeals were properly prosecuted therefrom.

In Boettcher v. Bock et al., 74 Ill. 332, cited and relied upon by plaintiffs in error, the judgment was by agreement of parties, and so entered, and the Supreme Court, in holding it to be a judgment confessed, base the decision upon the fact that defendant not only admitted plaintiff's demand but agreed that plaintiff should have judgment against him for a specific amount. The three cases are in perfect harmony, as shown by the opinion in the latter. This case falls clearly within the reasoning and decision of the two first, and not the last, and is therefore affirmed.

*Affirmed.*