## Dearborn Laundry Co., use of Holman Soap Company, v. Chicago & Alton R. R. Co.

1. JUSTICES OF THE PEACE—*Jurisdiction Conferred by Statute.*—A justice of the peace has only such jurisdiction as the statute confers; without a compliance with the statute he has no jurisdiction to issue garnishee process.

2. CONFESSION OF JUDGMENT—*What is Not.*—A judgment entered by a justice of the peace, based upon an admission by the defendant of an amount due, is not a judgment by confession.

3. SAME—*What Is.*—A confession of judgment is more than an acknowledgment that a certain amount is justly due; it is a consent to the entry of judgment.

4. APPEAL—*By a Garnishee.*—An appeal lies from a judgment ren-

dered by a justice of the peace upon an answer of a garnishee, although the judgment is only for the amount admitted by such answer.

5.   Execution—*Without the Signature of the Justice.*—A paper being in form an execution, but not having the signature of the justice of the peace, is void, although delivered to and acted upon by the officer as an execution.

6.   Garnishee Process—*Return of a Void Execution.*—A return of an officer, no property found, upon a paper purporting to be an execution but lacking the signature of the justice of the peace issuing it, is not a sufficient ground upon which to base garnishee proceedings, because there is no execution, as the law requires.

**Memorandum.**—Garnishee proceeding.   In the Circuit Court of Cook County on appeal from a justice of the peace; the Hon. Frank Baker, Judge, presiding; appeal from a judgment of non-suit.   Heard in this court at the October term, 1894, and affirmed.   Opinion filed December 6, 1894.

## Statement of the Case.

As stated by counsel for appellant, his case presents two questions.

First.   If a garnishee, summoned before a justice, appears, and, in writing under oath, answers that "at the date of service herein it was indebted to (the judgment debtor) on account of work done for said garnishee to the amount of $122.36, which sum is now in its possession, and which sum is due and payable," and judgment is entered on this answer, can the garnishee appeal from this judgment?   In other words, is this a judgment " confessed ? "

### Appellant's Brief, E. A. Sherburne, Attorney.

" The right to appeal from an inferior to a superior court for the purpose of obtaining a trial *de novo* is unknown to the common law, and only exists where it is expressly given by statute."   Schooner v. Woodworth, 1 Scam. 511; Edwards v. Vandermark, 13 Ill. 633.

Appeals from judgments of justices of the peace to the Circuit Court shall be allowed in all cases " except on judgments confessed."   Sec. 62, Chap. 79, Rev. Stat. 1874, as to garnishment, says:   An appeal may be taken from the judgment or any final order of the court or justice by any

party to such proceeding, in like manner as appeals are taken in other cases.   Sec. 28, Chap. 62.

Appellant contended that this is a " judgment confessed," and that no appeal was permissible from the judgment of the justice, and therefore the Circuit Court erred in not dismissing the appeal.

The admission of the testimony of the clerks and constable to contradict the record of the justice was a violation of the well-settled principle that oral testimony is not permissible to contradict a record.   Koran v. Roemheld, 7 Brad. 646; Kemper v. Waverly, 81 Ill. 280; Quinn v. The People, 146 Ill. 275.

And a judgment of a justice is no more open to collateral attack than that of a court of record.   Leonard v. Sparks, 22 S. W. Rep. (Mo.) 889.

APPELLEE'S BRIEF, M. J. SCRAFFORD AND ARTHUR W. UNDERWOOD, ATTORNEYS; WM. BROWN, OF COUNSEL.

A judgment entered upon the admission by a defendant of an indebtedness, is not a judgment entered by confession. Goddard v. Fisher, 23 Ill. App. 365.

In any event appellant can not take advantage of the order of the court in overruling his motion to dismiss the appeal, because the ruling of the court was not preserved by a bill of exceptions.   The bill of exceptions in this case shows nothing on this point.   The order of the court only shows an exception.   Steffy v. People, 130 Ill. 101; E. St. Louis R. Co. v. Conley, 148 Ill. 493; Firemen's Ins. Co. v. Peck, 126 Ill. 493.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

In order to entitle a judgment creditor to the benefit of garnishee proceeding, it is necessary that execution shall have been issued upon the judgment and returned no property found.   Sec. 1, Chap. 62, Revised Statutes.

A justice of the peace has only such jurisdiction as the statute confers.   Without a compliance with the statute, a

justice has no jurisdiction to issue garnishee process. M. C. Ry. Co. v. Keohane, 31 Ill. 144; Gibbon v. Bryan, 3 Ill. App. 298.

A judgment entered by a justice of the peace, based upon an admission by the defendant of an amount due, is not a judgment by confession. A confession of judgment is more than an acknowledgment that a certain amount is justly due; it is a consent to the entry of judgment. Goddard v. Fisher, 23 Ill. App. 365; Campbell v. Randolph, 13 Ill. 313; Elliott v. Daiber, 42 Ill. 467.

Appellee was therefore entitled to appeal from the judgment the justice improperly entered. The form of execution not having the signature of the justice thereon, was but a form, although delivered to and acted upon by an officer as an execution.

This paper, with the return thereon, was certainly as much a part of the "record" of the court as the entry made by the justice in his docket. And the so-called execution and return were properly admitted in evidence. Wooters v. Joseph, 137 Ill. 117; Greenleaf on Evidence, Vol. 1, Sec. 521; Welsh v. Joy, 13 Pick. 477.

No execution having been issued and returned no property found, the plaintiff was properly non-suited.

The judgment of the Circuit Court is affirmed.