Cahill v. McGrath.

---

## Michael J. Cahill v. John J. McGrath.

1.  Judgment—*The Result of a Decision by a Court.*—A judgment is always the result of a decision by a court, and is entered against a party *nolens volens,* or because he consents to—confesses—judgment.

2.  Same—*Confession of Indebtedness.*—There is a manifest distinction between confessing an indebtedness and confessing judgment.

Transcript, from a justice of the peace.—Appeal from the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding. Heard in this court at the October term, 1896.   Reversed and remanded. Opinion filed November 30, 1896.

### Statement of the Case.

This was an action commenced in a justice court by summons, returnable January 23, 1896.   The case was continued to January 28, 1896, when the parties thereto were present in court.   What was the subject-matter of the action, or the evidence therein, does not appear.   The justice docket recites as follows:

" Parties present, plaintiff sworn and examined, and defendant confesses and acknowledges that he is indebted to the plaintiff in the amount of one hundred and twenty-five dollars and costs of suit; " then follows an entry of judgment in the usual form.

The defendant took an appeal to the Circuit Court of Cook County.   On March 28, 1896, that court, on motion of plaintiff, dismissed the appeal on the ground that an appeal

does not lie from a judgment by confession in justice court, and that this was a judgment by confession.

W. E. KEELEY, attorney for appellant.

MARTIN A. DeLANY, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The entry in the docket of the justice has none of the elements of a confession of judgment. For a defendant to acknowledge before a justice of the peace, or other court, that he is indebted to the plaintiff in a certain sum, is not to confess or consent to judgment.

A judgment is always the result of a decision by a court, and is entered against a party *nolens volens*, or because he consents to—confesses—judgment.

There is a manifest and wide distinction between confessing an indebtedness and confessing judgment. Goddard v. Fischer, 23 Ill. App. 365; Campbell v. Randolph, 13 Ill. 313; Elliott v. Daiber, 42 Ill. 467.

The judgment of the Circuit Court is reversed and the cause remanded.