## Zeddock Reddish v. Barton Shaw.

1. DOCKET—*how far entries of, are evidence.*—The docket of a justice court, like other court records, imports verity, and it cannot be contradicted, impeached, varied or explained by evidence *dehors* such record. If the justice has acted corruptly and falsified his record, he is answerable both civilly and criminally.

Action of replevin.   Appeal from the County Court of Jersey County; the Hon. CHARLES S. WHITE, Judge, presiding.   Heard in this court at the May term, 1903.   Reversed and remanded.   Opinion filed October 12, 1903.

THOMAS F. FERNS and GEORGE M. SEAGO, for appellant.

ED. J. VAUGHN and MARTIN J. DOLAN, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in replevin brought by appellant against appellee before a justice of the peace.   The plaintiff recovered judgment before the justice, and the defendant appealed to the County Court.   Upon the trial in the County Court, the defendant entered his limited appearance, and moved the court to quash the writ of replevin, for the reason, as alleged, that at the time it was issued, to wit, at five o'clock P. M. of the day it bore date, no affidavit for replevin, as required by law, had been made, or filed with the justice who issued the writ; and that the affidavit then on file in said cause, was not signed or sworn to until after six o'clock of said day, and was not filed with the justice until the day following.   The County Court, over the objections of the plaintiff, admitted parol evidence tending to prove these facts; sustained the motion; dismissed the suit for want of jurisdiction, and rendered judgment against the plaintiff for costs, from which plaintiff appeals to this court.

The docket of the justice who issued the writ contained the following entry in the case : "Necessary affidavit and bond being filed, writ issued," etc., and the writ recites the making of the affidavit.

The record of a court imports verity, and it cannot be contradicted, impeached, varied or explained by evidence outside of the record itself.   Barnett v. Wolf, 70 Ill. 81; W. C. S. R. R. Co. v. Morrison, 160 Ill. 290.   When it is once made up, it is conclusive upon all parties until altered or set aside by a court of competent jurisdiction, and all questions relating to the time when it was in fact made, or in regard to the authority on which it was made, or in respect to the

truthfulness of its recitals, must be settled by reference to the record alone. W. C. S. R. R. Co. v. Morrison, *supra*. The record of a justice of the peace is just as proof against collateral attack as that of a superior court (Vanfleet on Coll. Attack, Sec. 526), and the entries upon the same must be taken as conclusive evidence of the facts there recited. They cannot be contradicted by parol evidence. Boettscher v. Bock, 74 Ill. 332; Payne v. Taylor, 34 Ill. App. 49. If the justice has acted corruptly, or falsified his record, he can be made to answer civilly and criminally. Garfield v. Douglass, 22 Ill. 100.

It is undoubtedly true, as contended by appellee, that by the appeal the adjudication before the justice was vacated; that the trial in the County Court was *de novo*, and that the appeal would not cure a want of jurisdiction. If the transcript of the docket had failed to show that an affidavit was filed prior to the issuing of the writ, the action of the court would have been proper. Inasmuch, however, as it showed the presence of the affidavit at that time, which is conclusive upon that question, the admission of parol evidence to prove the contrary was prejudicial error.

The section of the statute which provides that if it appears on appeal that the justice had no jurisdiction of the subject-matter of the suit, the same shall be dismissed, and the cases cited by appellee, have no application here. While it is competent to show by parol evidence, on appeal, that the suit is of a different nature, or that a different amount than that recited in the docket was involved, to do so would in no way tend to contradict the docket, which purports only, in those particulars, to state the claims of plaintiff.

For the error indicated, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*