Cleveland v. Eichengreen, 205 Ill. App. 300.

**T. K. Cleveland, trading as Inter-State Produce Company, Appellee, v. M. H. Eichengreen, Appellant.**

**Gen. No. 22,853.    (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

### Statement of the Case.

Action by T. K. Cleveland, trading as Inter-State Produce Company, plaintiff, against M. H. Eichengreen, defendant, to recover the amount of funds retained by defendant after the quashing of an attachment by a third person of funds owed plaintiff by defendant. From a judgment for plaintiff for $911.60, defendant appeals.

This controversy arose out of the attachment action, a decision in which was reached in *Lepman & Heggie v. Inter-State Produce Co., ante,* p. 270.

FRANK SCHOENFELD, for appellant.

HARFORD & LIGHTFOOT, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. GARNISHMENT—*when garnishee is not entitled to retain funds.* In an action to recover money which the defendant had retained pending the decision of an attachment action against the plaintiff, in which the defendant was garnished, where the attachment was quashed and an order was entered discharging the garnishee, and although a certified copy of such order was served on the defendant, and the money demanded, he refused to turn it over, and,

after such refusal, a writ of error was sued out in the attachment action, but it did not appear that the defendant was ever made a party to the *supersedeas* or that he ever received formal notice thereof, or that the writ was filed in the Municipal Court clerk's office, and defendant claimed that as the suit in question was begun after the said writ of error was sued out, the writ might be pleaded in abatement, *held* that, after the defendant had been discharged as garnishee and demand had been made upon him to return the money, he had no right to retain the funds in the expectation that the defeated party in the original case might sue out a writ of error.

2. GARNISHMENT—*when garnishee is not entitled to retain money pending writ of error.* A garnishee in an attachment action has no right after the attachment has been quashed, and an order discharging him as garnishee has been entered, to retain the money during the pendency of a writ of error where no *supersedeas* was allowed, and he was not a party to the writ of error, and no notice of its issuance had been served upon him, and the writ was never filed with the clerk of the court to which such writ issued.

3. APPEAL AND ERROR, § 710*—*what is effect of supersedeas.* A *supersedeas* suspends the efficacy of a judgment, but does not, like reversal, annul the judgment.