**Henry Hunley for use of Charles Lindner, Appellee, v. Panther Creek Mines, Inc., Garnishee and G. W. Hunley, Intervenor, Appellant.**

1. GARNISHMENT—*necessity of pursuing right within limits of statutory requirements.* The right of garnishment is statutory and must be pursued within the limits of the statutory requirements.

2. JUSTICES OF THE PEACE—*jurisdiction.* A justice of the peace has no jurisdiction except such as is conferred by statute and must proceed in litigation in the manner prescribed by law, and his jurisdiction cannot be acquired by consent or waiver.

3. GARNISHMENT—*when judgment is void.* In a garnishment proceeding, the requirements of section 14 of the Garnishment Act (Cahill's Ill. St. ch. 62, ¶ 14) that a demand in writing be made upon the wage earner and the employer for the excess above the amount exempted, and a copy of such demand left with the wage earner and with the employer, having indorsed thereon the time of service, which must be at least 24 hours previous to the bringing

of suit; that such demand must be filed with the justice and the manner and time of service indorsed thereon; and that the return must be sworn to before some officer authorized to administer oaths, are all mandatory and, unless they are complied with, it shall not be lawful to issue a summons in such case, and the employer is not required to make any answer and a judgment rendered is void.

4. GARNISHMENT—*when jurisdiction not conferred by voluntary appearance of intervener.* Where the justice was without jurisdiction in a garnishment suit because the provisions of section 14 of the Garnishment Act (Cahill's Ill. St. ch. 62, ¶ 14) were not complied with because the return concerning demand and notice was not sworn to by the officer, jurisdiction was not conferred by the voluntary appearance of an intervener in both the justice's and circuit courts, who claimed the fund by virtue of an assignment by the debtor.

Appeal from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding. Heard in this court at the April term, 1921. Reversed with finding of facts. Opinion filed January 4, 1922.

ED. D. HENRY, for appellant.

JAMES R. ORR, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This is a garnishment proceeding commenced before a justice of the peace in Sangamon county. The basis of the proceedings is a judgment recovered by Charles Lindner before the same justice for the sum of $272.16. Execution had been issued on the judgment, and returned by the constable "no property found—no part satisfied." It appears from the return of the constable that the appellee served the required demand in garnishment on Henry Hunley, the judgment debtor; also on the employer of the judgment debtor, Panther Creek Mines, Inc., the garnishee herein; and the constable who made the demand, made the following return: "Personally served the within notice and demand on the within named debtor, Henry Hunley, by delivering to him a true copy thereof on

560 Appellate Courts of Illinois.

Hunley v. Panther Creek Mines, ·Inc. et al., 223 Ill. App. 558.

the 10th day of May, A. D. 1920, at 11 o'clock A. M., and on Panther Creek Mines, Inc., employer, by delivering to it a true copy thereof on the 10th day of May, A. D. 1920, at 11:30 A. M., both copies having the time of serving endorsed therein, more than 24 hours before the time of beginning suit. C. E. Pierce, Constable.'' This return was not sworn to, nor does it appear what officer, if any, of the Panther Creek Mines, Inc., was served for said corporation. On the hearing before the justice the appellant, G. W. Hunley, appeared as intervener, and claimed the funds sought to be garnisheed, as assignee, under a written assignment of the wages of Henry Hunley. The justice found that G. W. Hunley was entitled to the funds, and gave judgment in his favor for the amount of $199.65, which was the amount the Panther Creek Mines had by their answer admitted it had in its hands. An appeal was taken by Lindner, the appellee herein, to the circuit court, where the case was tried by jury. The jury found in favor of the appellee, and a judgment was rendered, in accordance with the verdict, for $199.65, and costs of suit, against both Panther Creek Mines and G. W. Hunley the appellant.

The principal question raised on appeal concerns the jurisdiction of the court to render the judgment. The proceedings in question were commenced under section 14 of the Garnishment Act (Cahill's Ill. St. ch. 62, ¶ 14) which contains the following provision in relation thereto:

"Before bringing suit a demand in writing shall first be made upon the wage earner and the employer for the excess above the amount herein exempted, and a copy of such demand shall be left with him and with the employer, having endorsed thereon the time of service, at least twenty-four hours previous to bringing such suit. Such demand shall be filed with the justice, or clerk of the court, with the manner and time of the service of the same endorsed thereon, and the return duly sworn to before some officer authorized

to administer oaths, before it shall be lawful to issue summons in such case, or to require an employer to answer in any garnishee proceedings. Any judgment rendered without said demand being served upon the wage earner, and so proven and filed as aforesaid shall be void.''

It is well-settled law, that the right of garnishment is statutory, and must be pursued within the limits of the statutory requirements. *La Salle Opera House Co. v. La Salle Amusement Co.,* 289 Ill. 196; *Farnum v. North Chicago Safety Deposit Vault Co.,* 97 Ill. App. 441; *Rogers v. Pierce,* 214 Ill. App. 180; *Dearborn Laundry Co. v. Chicago & A. R. Co.,* 55 Ill. App. 438; *Boyne v. Vandalia R. Co.,* 128 Ill. App. 194. A justice of the peace has no jurisdiction except such as conferred by statute, and must proceed in litigation in the manner prescribed by law. He cannot acquire his jurisdiction by waiver, where he has exceeded the statutory authority. 24 Cyc. 495; *Robinson v. West,* 11 Barb. (N. Y.) 309. It has been repeatedly held that jurisdiction over subject-matter of suit before a justice cannot be conferred by consent or waiver. *Village of Hammond v. Leavitt,* 181 Ill. 420; *Oakman v. Small,* 282 Ill. 363. From the provisions of the statute referred to, it is clear that jurisdiction could not be acquired for the purpose of recovering any money in a garnishment proceeding from the Panther Creek Mines, Inc., unless not only a demand in writing had previously been made upon the wage earner and the employer for the excess above the amount exempted, and a copy of such demand left with the wage earner and with the employer, having indorsed thereon the time of service, which must be at least 24 hours previous to the bringing of the suit; but also such demand must be filed with the justice, and the manner and time of the service of the demand indorsed thereon; and the return must be duly sworn to before some officer authorized to administer oaths. All these requirements are mandatory, and the statute expressly provides that

562 Appellate Courts of Illinois.

Hunley v. Panther Creek Mines, Inc. et al., 223 Ill. App. 558.

it shall not be lawful to issue a summons in such case unless the requirements mentioned are complied with; and the employer is not required to make any answer unless they are complied with; and a judgment rendered without compliance with such requirements is void. The appellee contends that because the appellant, G. W. Hunley, intervened to claim the fund in question before the justice and in the circuit court, that he thereby waived his right to question the jurisdiction of the justice and the court. If the question of jurisdiction related to the person of Hunley, the intervener, as a party to the suit, there might be some force to this contention; but the question of jurisdiction here involved relates to the subject-matter of the suit. The justice, because of the failure to fully comply with the requirements of the statute, had no jurisdiction of the subject-matter of the suit; and jurisdiction could not be conferred upon him by waiver. We are of opinion that, under the facts presented, neither the justice of the peace nor the circuit court had any jurisdiction to render the judgment in this proceeding, and that the judgment rendered was void. Judgment is reversed.

*Reversed with finding of facts.*

Findings of fact to be embodied in the judgment: The return concerning demand and notice was not sworn to by the officer making the return as required by the statute.