Chicago Title and Trust Company, Defendant in Error, v. La Porte Building Corporation for Use of Walter Boland, Plaintiff in Error, and The First National Bank of Chicago, Garnishee.

## Gen. No. 36,622.

Heard in the third division of this court for the first district at the April term, 1933. Opinion filed March 14, 1934. Rehearing denied March 30, 1934.

JAMES ROSENTHAL, for plaintiff in error.

KIRKLAND, FLEMING, GREEN & MARTIN, for defendant in error Chicago Title & Trust Co.; EMIL F. MEIER, of counsel.

AMBERG, OTT, DAHLIN & LIVINGSTON, for defendant in error First National Bank of Chicago; FRANK L. PAUL and ROBERT P. PERKAUS, of counsel.

MR. PRESIDING JUSTICE HALL delivered the opinion of the court.

By this writ of error, plaintiff in error seeks the review of an order of the municipal court of Chicago, releasing and discharging a garnishee.

On July 9, 1931, Walter Boland obtained a judgment in the municipal court of Chicago against the La Porte

Building Corporation for $17,350. Execution issued thereon and was returned "no property found." Thereafter garnishment summons issued and was served on the First National Bank of Chicago. On August 6, 1931, the bank filed an answer, in which it stated that it was indebted to the La Porte Building Corporation in an amount in excess of the sum claimed in the garnishment proceeding. On August 6, 1931, judgment was entered against the garnishee for $17,367.60, upon which judgment execution issued. After a motion had been made by the garnishee on August 7, 1931, to vacate the judgment, the Chicago Title & Trust Company, by leave of the court, filed an intervening petition in the cause, in which it asserted its right to the funds in the hands of the garnishee. A motion was made by Walter Boland, the judgment creditor, to strike the petition of the Chicago Title & Trust Company, and on October 7, 1931, the court entered an order denying this motion to strike, and after a hearing on the petition, the court found the issues for petitioner, the Chicago Title & Trust Company, and entered a further order that the garnishee be released and discharged. From this order, the plaintiff, Boland, prayed an appeal, which appeal was never perfected, and this writ of error was sued out of this court on February 5, 1933, more than a year after the entry of the order discharging the garnishee. On March 28, 1933, the garnishee entered a motion in this court to dismiss the writ of error on the following grounds: (1) that the only method of review in garnishment cases provided by statute is through appeal. Review through writ of error is not authorized by law; (2) funds held by the garnishee were released in reliance upon the decision of the municipal court of Chicago, no appeal from that decision being perfected. No supersedeas issued. The motion was reserved to the hearing.

The Garnishment Act, Cahill's Illinois Revised Statutes, 1931, ch. 62, ¶ 28, provides that "an appeal may be taken from the judgment or any final order of the court or justice of the peace by any party to such proceeding in like manner as appeals are taken in other cases."

In *Capes v. Burgess,* 135 Ill. 61, the Supreme Court said:

"The remedy by garnishment is statutory, and the question of its application to any given case or class of cases is therefore purely a matter of statutory regulation."

See also *Hall v. Thode,* 75 Ill. 173, where the court said:

"This court has repeatedly held, that the writ of error is a writ of right, but it has never held the legislature was powerless to limit its issuance. The general principle is undoubtedly correct, that a final judgment of an inferior court of record is subject to review by this court on a writ of error, *except in cases where the legislature has otherwise provided.*

"The question then is, has the legislature otherwise provided in cases like this, to procure a review of the judgment of the county court.

"These proceedings are purely statutory, having no vigor outside of the statute, and it is an unvarying principle that the requirements of the statute must govern and control them. By section 123 of ch. 46, Title 'Elections,' R. S. 1874, it is provided, 'in all cases of contested elections in the circuit courts or county courts, appeals may be taken to the Supreme Court in the same manner and upon like conditions as is provided by law for taking appeals in cases in chancery from the circuit courts.'

"Here is a specific remedy provided in a specific case, not one arising in the usual course of litigation, but exceptional. It is a familiar principle in such

cases, where the organic or statute law has given a specific remedy, that remedy must be pursued. In contested elections before a county court, the remedy, and the only one, to correct a supposed error in the judgment, is by appeal, and this remedy can alone be invoked. Had not this remedy by appeal been specially provided, there could be no doubt a writ of error would lie. In our opinion, this special provision has taken away, by a reasonable implication, the remedy by error. There is nothing shown in this case preventing the aggrieved party from taking an appeal.

"There is no want of authority on this question. *Savage v. Gulliver,* 4 Mass. 171; *Jarvis v. Blanchard,* 6 ib. 4, where in both cases it was held that the remedy of a party aggrieved by a judgment from which an appeal was given, must be pursued by appeal, unless when, without *laches* on his part, he had no opportunity of taking an appeal."

In *Hunley v. Panther Creek Mines, Inc.,* 223 Ill. App. 558, the court said:

"It is well settled law, that the right of garnishment is statutory, and must be pursued within the limits of the statutory requirements. *La Salle Opera House Co. v. La Salle Amusement Co.,* 289 Ill. 196; *Farnum v. North Chicago Safety Deposit Vault Co.,* 97 Ill. App. 441; *Rogers v. Pierce,* 214 Ill. App. 180; *Dearborn Laundry Co. v. Chicago & A. R. Co.,* 55 Ill. App. 438; *Boyne v. Vandalia R. Co.,* 128 Ill. App. 194."

As noted, a further ground urged for the dismissal of this writ of error is that the garnishee in good faith had paid out the money held by it after the order of the municipal court was entered, discharging such garnishee, that an appeal was taken from such order, which was not perfected, and that this writ of error issued more than a year after the entry of such order.

In *Cleveland v. Eichengreen,* 205 Ill. App. 300 (Abst.), the following facts are shown: In the attach-

ment suit brought by Lepman & Heggie against the Interstate Produce Company, Eichengreen was summoned as garnishee. He made a statement showing the amount in his hands due the Inter-State Produce Company, which was turned over, except the sum of $897.88, which the garnishee retained to cover the claim of Lepman & Heggie in the attachment suit. An order was entered quashing the attachment and discharging the garnishee. A certified copy of this order was served upon the garnishee and a demand made upon him for the balance of the fund, which he refused to turn over, whereupon suit was commenced against him, and plaintiff obtained judgment for $911.60, which is the original amount owing to plaintiff in the case referred to. From this judgment, defendant appealed to this court, and in its opinion this court said:

"After the defendant refused to turn over this money, the plaintiff in No. 22215 sued out a writ of error in that case and filed the same with the clerk of the municipal court and presented a stay bond, and an order approving the same and staying the proceedings in the municipal court was then entered. Several weeks thereafter, on application to this court, in No. 22215, the writ of error was made a supersedeas. The affidavit filed by Eichengreen in this case does not show that he was ever made a party to the writ of error or that he ever received formal notice of the supersedeas, or that the supersedeas was filed with the clerk of the municipal court.

"It is contended by the defendant that as this suit against Eichengreen was begun after the writ of error was sued out in the other case, and that such writ was made a supersedeas, the writ may be pleaded in abatement. In certain early decisions of our Supreme Court will be found statements seeming to support this as a general proposition. We hold, however, that they are not applicable to the present situation for the following reasons: (1) We think it is not without importance

that at the time demand was made upon the garnishee for the money belonging to the plaintiff the garnishee had been discharged, of which he had formal notice. There was no ground, legally or otherwise, at this time why he should refuse to turn over the money to the party entitled to it. We know of no rule which would permit a garnishee to retain funds in his hands, in the expectation that the defeated party in the original case may sue out a writ of error. *Bigelow v. Andress,* 31 Ill. 322; Shinn on Attachment, ed. 1896, secs. 395 and 355. (2) Even if this were not true, the present action against the defendant was commenced before the writ of error was made a supersedeas; this suit was commenced January 26, 1916, and the writ of error in the attachment suit was not made a supersedeas until March 13, 1916. We know of no rule which would permit him to retain the fund during the pendency of a writ of error where no supersedeas has been allowed; such a rule would seem unreasonable as permitting a garnishee to retain funds not belonging to him, without any security to the rightful owner pending the disposition of litigation to which he is not a party.

"We are disposed to be in accord with the rule as stated by Judge Marshall in *Runyon v. Bennett,* 4 Dana, 598, where he says: 'A supersedeas suspends the efficacy of a judgment, but does not, like reversal, annul the judgment itself. . . . The judgment of one tribunal cannot be deprived of its force, or in any manner affected, by the order of another, until there be some evidence of the order among the records of the tribunal in which the judgment itself remains, or some notice of it given to the officers concerned in executing the judgment, or at least to the parties to be benefited by it.' The rule is applicable to the present situation. The defendant, Eichengreen, is not a party to the proceedings in this court in the writ of error case, and the supersedeas writ was never filed with the

clerk of the municipal court, or any notice of its issuance served upon Eichengreen."

The effect of the above holding is that after the garnishee had been discharged, it was his duty to pay the money in his hands to the person entitled thereto.

We hold in the instant case that the only remedy provided by law for the review of an order setting aside a judgment against and discharging a garnishee, is by appeal, as provided by statute, and that the writ of error will not lie. Moreover, in view of the fact that the appeal was not perfected after the discharge of the garnishee, we hold that the garnishee was not only justified in paying the money in its hands to the person found to be entitled thereto, but that it was its duty to do so. The writ of error is dismissed.

*Dismissed.*

WILSON and HEBEL, JJ., concur.