Kloeckner v. Schafer.

---

## Frederick Kloeckner v. Frank H. Schafer et al.

1.  APPEALS—*Not to be Dismissed for Insufficiency of Bond.*—Where the recital of the judgment in the appeal bond is not sufficiently full and precise, the remedy is to apply to this court for an order that appellant give a proper bond, and the appeal can only be dismissed when such an order has been made and is not complied with.

2.  JUDGMENTS—*Under a Joint Warrant of Attorney.*—Under a joint warrant of attorney a judgment can only be confessed against all of the makers, and in case of the death of one of them no judgment can be confessed against the survivors.

3.  SAME—*During the Term a Court of Law Has Full Control Over Its Record.*—During the term a court of law has full control over its record and may for sufficient cause vacate any judgment entered at the term.

4.  SAME—*Courts Exercise Equitable Control Over Judgments by Confession After the Term.*—Courts of law exercise, after the term, equitable control over judgments by confession.

Appeal from an Order Vacating a Judgment by Confession.—Appeal from the Circuit Court of Cook County; the Hon. EDWARD P. VAIL, Judge presiding.  Heard in the Branch Appellate Court at the March term, 1903.  Reversed and remanded with directions.  Opinion filed November 17, 1903.

ARTHUR M. COX, attorney for appellant.

A motion to vacate a judgment, made subsequent to the term at which the judgment was rendered, is an applica-

tion to the equitable jurisdiction of the court, and will not
be granted, unless some equitable cause or reason be shown
for opening the judgment.    Rising v. Brainard, 36 Ill. 79;
Farwell v. Meyer, 36 Ill. 511; Knox v. Winsted Savings
Bank, 57 Ill. 330; Hansen v. Schlesinger, 125 Ill. 230, 237;
Hier v. Kaufman, 134 Ill. 215, 225 et seq.; Packer v. Rob-
erts, 140 Ill. 9, 17; Mumford v. Tolman, 157 Ill. 258, 265;
Blake v. State Bank, etc., 178 Ill. 182; Gilmore v. German
Savings Bank, 89 Ill. App. 442; Berg v. Commercial National
Bank, 84 Ill. App. 614.

JAMES R. WARD, attorney for appellees.

MR. JUSTICE BAKER delivered the opinion of the court.

At the July term, 1902, of the Circuit Court, appellant
recovered against appellees a judgment for $687.50 and
costs, by confession.

The note and warrant of attorney to confess judgment
were signed by appellees, and J. A. Schafer, their father,
who was in fact a surety for appellees.    J. A. Schafer died
before judgment was entered.    August 11, 1902, during the
term at which the judgment was entered, appellees each filed
a petition in bankruptcy in the United States District Court
and was adjudged bankrupt August 15, 1902.    In each of
said petitions the note on which said judgment was entered,
and the judgment thereon, were duly scheduled, thus show-
ing that appellees knew that a judgment had been rendered
against them on said note before the end of the term at
which the same was entered.    No action was taken by appel-
lees to open or vacate said judgment at the July, August,
September, October or November terms of said court, but
on December 31, 1902, at the December term, the record
shows that appellees in open court entered their motion to
set aside said judgment and to strike the cognovit therein
filed from the files of the court.    On the same day they
filed in said court their motion in writing to set aside said
judgment, to strike the cognovit from the files and to
recall and quash the execution issued on said judgment, and
filed in support of said motion their petition verified by

Kloeckner v. Schafer.

one of appellees.  In this petition they set out most of the facts above stated, say that Frank H. Schafer received his discharge in bankruptcy October 6, 1902, and aver the said judgment is void and was improperly entered because of the death of said J. A. Schafer.  Upon the hearing an affidavit of appellant was read, stating that appellees had an interest in certain real estate in said county at the time said judgment was entered, that an execution issued on said judgment was duly levied thereon, and that on December 29, 1902, a deed of said appellees purporting to convey their interests in said lands, bearing date October 5, 1899, was filed for record, and that appellant had no notice of said unrecorded deed before it was filed for record. January 2, 1903, the Circuit Court ordered that said judgment be set aside and vacated; that the suit be dismissed and the defendants have and recover of and from the plaintiff their costs.  The order then states that plaintiff thereupon " prayed an appeal from the judgment of said court " to this court, which was allowed on the filing of a bond, etc. Appellant filed his appeal bond January 13, 1902.  On the same day, as it is said, twenty-eight minutes before the appeal bond was approved, appellees filed in said court an instrument in writing whereby they directed the clerk " to enter full satisfaction and discharge of the judgment rendered January 2, 1903,   *   *   *   against the plaintiff and in favor of us, the said defendants, for costs, the costs of the defendants being satisfied and released in full."

Appellee here moved that the appeal be dismissed for the reason that the judgment for costs was satisfied before the appeal bond was approved, because the appeal bond recites only a judgment for costs and because the judgment other than the judgment for costs is not appealable.  This motion must be denied.  The Circuit Court on January 2, 1903, in this cause entered but one order, rendered but one judgment.  The record shows that the court ordered that the judgment be vacated; that the suit be dismissed and adjudged; that defendants recover of and from the plaintiff their costs; then follows the prayer for an appeal " from

the judgment of this court" and the allowance of the appeal. The directions that the judgment be vacated, that the suit be dismissed, are as much a part of the judgment of the court from which the appeal was taken, as the formal judgment for costs.

It is not material to inquire whether the recital of the judgment in the appeal bond is sufficiently full and precise. The remedy, if it is not, is to apply to this court for an order that appellant give a proper bond, and the appeal can only be dismissed when such an order has been made and is not complied with. Sec. 70, Chap. 110, R. S.

The order appealed from made a final disposition of the cause and clearly is an appealable order, and this although another suit may be prosecuted on the note. The warrant of attorney is, by its term, joint. Mayer v. Pick, 192 Ill. 561, holds that under such a warrant a judgment can only be confessed against all of the makers, and therefore in case of the death of one of them no judgment can be confessed against the survivors. In that case the motion to vacate the judgment was made at the term at which the judgment was entered. Here it was made after four terms had intervened, although appellees knew of the judgment during the term at which it was entered. During the term a court of law has full control over its record and may for sufficient cause vacate any judgment entered at the term. With the close of the term such power ceases as a rule, but courts of law exercise, after the term, equitable control over judgments by confession.

In this case no defense on the merits is shown by appellees. They received the money for which the note was given and there is no claim that it has been repaid. The death of J. A. Schafer invalidated the warrant of attorney only, and did not affect the liability of appellees on the note. To a suit on the note appellees set up no facts constituting a defense except such, if any, as may arise and grow out of their bankruptcy proceedings. Whether in this case, out of such proceedings a defense has arisen in favor of appellees, is a question they may bring before the

Circuit Court for decision upon proper pleas and issues framed thereon.

The court in our opinion erred in dismissing the suit. The claim of appellees, that such order was proper because they had limited their appearance to the purpose of moving to vacate the judgment and recall the execution, and as the warrant of attorney was invalidated by the death of J. A. Schafer the Circuit Court has not jurisdiction of them, is not tenable. No matter how carefully or narrowly their written appearance was limited, they disregarded such limitations when, in open court, they moved the court to dismiss the suit, and this worked their general appearance in the cause.

The orders and judgment appealed from will be reversed and the cause remanded, with directions to open the judgment and permit appellees to plead.