JACOB FRYE *et al.*

*v.*

DANIEL A. JONES *et al.*

1.   CONFESSION OF JUDGMENT UNDER WARRANT OF ATTORNEY.   The authority to confess a judgment without process must be clear and explicit, and must be strictly pursued.

| | |
|---|---|
| 78 | 627 |
| 151 | 624 |
| 78 | 627 |
| 49a | 442 |
| 78 | 627 |
| 157 | 575 |
| 78 | 627 |
| 69a | 540 |
| 78 | 627 |
| 92a | [2]191 |
| 92a | [1]193 |
| 78 | 627 |
| 192 | [2]564 |
| f192 | [1]566 |
| 78 | 627 |
| 213 | [1]381 |

2. A warrant of attorney, which authorizes the confession of judgment upon a note therein described, and also upon other indebtedness to be afterwards incurred by the maker of such note to the payee thereof, upon other notes made or to be made, will not authorize the confession of a judgment upon other notes payable to the same payee, and bearing the same date of the note particularly described in such warrant of attorney.

3. In this case, there were thirteen notes, all of the same date, executed by the defendant and payable to the plaintiff, to six of which were annexed warrants of attorney, each authorizing a confession of judgment for the amount of the note to which it was annexed, and also for any further indebtedness of the defendant which might thereafter accrue to the defendant upon any note, bond, etc., made or to be made. The attorney named in the six warrants of attorney, confessed a judgment for the amount of all the thirteen notes: *Held,* that it was error to refuse to set aside so much of said judgment as included the amount due upon the notes to which no warrant of attorney was attached.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. HARDING, MCCOY & PRATT, for the plaintiffs in error.

Messrs. HUTCHINSON & LUFF, for the defendants in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a motion, on the part of defendants, to set aside a judgment, rendered against them by confession.

The judgment was rendered in the Superior Court of Cook county, on the 31st day of March, 1875, against Frye and Reed, for $12,774.49, and in favor of Jones and Raymond, upon thirteen promissory notes, each for the sum of $750, with eight per cent interest per annum, dated May 12, 1871, and payable to Jones & Raymond, one on the first day of each succeeding month, commencing July 1, 1872, and ending July 1, 1873.

The judgment was taken by confession, under a warrant or warrants of attorney, attached to only six of the notes, or to every alternate note, viz: to the notes due, respectively, on

the first days of August, October, and December, 1872, and
February, April, and June, 1873.    The remaining seven
notes, viz : the notes due, respectively, on the first days of
July, September, and November, 1872, and January, March,
May, and July, 1873, precisely similar in form to the said six
notes, had no warrant of attorney attached to them.    The
notes themselves were in the usual form, being printed blanks,
filled up, with printed blank warrants of attorney following,
each on the same page ; but the seven notes due each alter-
nate month, commencing July 1, 1872, appear to have had
the warrant of attorney torn off from each, while the remain-
ing six had the blanks in the warrants filled up, and were
signed by Frye and Reed.

The warrants of attorney attached to the six notes, are in
the following form, varying only as to the respective times
of payment of the notes :

"Know all men by these presents, that whereas we, the
subscribers, are now justly indebted to Jones & Raymond,
upon a certain promissory note, bearing even date herewith,
for the sum of $750.00, made payable to the order of the
said Jones & Raymond, and due June 1, 1873, and may, from
time to time, hereafter, become further or otherwise justly
indebted to the said Jones & Raymond, upon bonds, promis-
sory notes, due bills, and other written evidences of debt, made
or to be made, endorsed or accepted by us, and held or owned
by the said Jones & Raymond, assignee or assignees hereof,

"Now, therefore, in consideration of the premises, and of
the sum of one dollar to us paid by the said Jones & Ray-
mond, the receipt whereof is hereby acknowledged, we do
hereby make, constitute and appoint O. K. A. Hutchinson, or
any attorney of any court of record, to be our true and lawful
attorney, irrevocably, for us, and in our names, places and
stead, to appear in and before any court of record, either in
term time or in vacation, in any of the States or Territories
of the United States, at any time after the ———— of said
note, or of any such bond, promissory note, due bill, or other

written evidence of debt so already made or to be made, endorsed or accepted by us, as aforesaid, respectively, to waive service of process, and confess a judgment in favor of the said Jones & Raymond, executors, administrators, assigns or assignees, or the legal holder or holders of said note, or of any one or more of such bonds, promissory notes, due bills, or other written evidences of debt, as aforesaid, for so much money as shall, by the same, appear to be due or owing thereon, with interest thereon according to the tenor and effect thereof, respectively, together with costs. (Then follow other provisions not material to the question here raised.)

"Witness our hands and seals, this 12th day of May, A. D. 1871.

"JACOB FRYE,       [seal.]
"DANIEL J. REED." [seal.]

The question is, whether these warrants of attorney gave authority to confess judgment upon the seven notes to which no warrants of attorney were attached.

We are of opinion they did not. The warrants recite that the subscribers *are now justly indebted* to Jones & Raymond upon the promissory note particularly described, and *may, from time to time hereafter, become further indebted* to the said Jones & Raymond upon bonds, etc. The authority given is, to confess judgment upon such indebtedness, which is the present indebtedness on the note described, and such future indebtedness as might thereafter accrue in favor of Jones & Raymond. The only *present* indebtedness to Jones & Raymond, embraced within the scope of the authority, we consider, is that upon the note particularly described.

These seven notes were present, and not future, indebtedness. They were all of the same date with the warrants of attorney, and upon them the makers were then indebted—they were not notes upon which they might thereafter become indebted to Jones & Raymond. They were of the same date with the six notes to which the warrants of attorney were attached, and the language in the warrants of attorney as to the described

notes in them, that the makers "are now justly indebted" to Jones & Raymond upon them, was just as applicable to the seven notes as to any one of the six.

The only room for doubt arises from the language in the recital, as to the future indebtedness that might arise to Jones & Raymond, in describing it as upon bonds, etc., "*made* or *to be made*," and in authorizing the confession upon any such bond, promissory note, etc., "so *already made or to be made.*" But this language might have operation without embracing these seven notes, or any other present indebtedness to Jones & Raymond. The power was not, to confess judgment generally upon any notes which had then been made to Jones & Raymond, but, taken in connection with the recital, it was, to confess judgment upon such notes already made, as Frye & Reed might *thereafter become indebted* to Jones & Raymond upon. Frye & Reed might have had outstanding notes at the time, which had been made to other persons, upon which they were not then indebted to Jones & Raymond, but might afterwards become indebted to them thereupon, by Jones & Raymond's subsequent acquirement of such notes by purchase, and the transfer thereof to them. In this way may these words be satisfied, without including these seven notes.

There can be no doubt, we think, that the parties never intended to include the seven notes in the warrants of attorney.

It appears that Frye & Reed, then, owed Jones & Raymond a debt of $9,750, which was divided into thirteen monthly payments, of $750 each, for which they gave to Jones & Raymond their thirteen promissory notes, all dated May 12, 1871. The note first due, July 1, 1872, had no warrant of attorney attached, but the one due the first of the next following month had a warrant of attorney attached to it, and this was repeated through the whole series as to every alternate note.

It appears, that all the notes were precisely similar in form, and written upon like blanks, and that each alternate note had the warrant detached.

The six notes appear to be printed blanks, filled up, with printed blank warrants of attorney following, on the same page. The same appears with respect to these seven notes, except that the printed blank warrants of attorney are detached.

All this particularity denotes, unmistakably, the intention of the parties, that, as to the six notes having warrants of attorney attached, there should be given a warrant of attorney to confess judgment upon them; but that, as to these seven notes, to which no warrant of attorney was attached, there should not be and was not given any warrant of attorney to confess judgment upon them.

The authority to confess a judgment without process, must be clear and explicit, and must be strictly pursued. *The Man. and Mech. Bank, etc.* v. *St. John,* 5 Hill, 497; *Chase* v. *Dana,* 44 Ill. 262.

As to these seven notes, we are satisfied there had been no power given to confess a judgment upon them, by any of these warrants of attorney attached to the six notes.

It is urged, that this is an appeal to the equitable jurisdiction of the court, and that, as reasons for refusing its exercise, an appeal was prayed and allowed from the order of refusal to set aside the judgment; that the appeal was not perfected by filing an appeal bond; that, after the expiration of the time for doing so, real estate in a foreign county was sold under the judgment, for nearly sufficient to satisfy it, and bid in by the defendants in error; that after such sale, this writ of error was sued out; and that, further, there is no meritorious defense shown to the notes.

The proof being clear, that, as to these seven notes, the attorney who confessed the judgment acted without the authority of the parties represented, the judgment, as respects these notes, was unauthorized and wrongful, for want of any power to enter the appearance of the makers of the notes and confess the judgment; and this, alone, was reason sufficient for setting aside the judgment to the extent of those notes.

The order of the court below, then, overruling the motion to set aside the judgment, is reversed, as to so much of the judgment as has included in it the amount due upon the said seven notes, or any of them, to which no warrant of attorney was attached, and in all other respects the order is affirmed, and the cause is remanded for further proceedings, in conformity with this opinion.

*Judgment reversed in part.*