LEOPOLD MAYER

*v.*

MINA. PICK.

*Opinion filed October 24, 1901.*

1. CONFESSION OF JUDGMENT—*a joint warrant of attorney does not authorize confession against one.* A joint warrant of attorney does not authorize confession of judgment against the surviving maker of a note, even though the note is, in terms, joint and several.

2. SAME—*when a judgment by confession is properly vacated.* If a joint and several note is not due at the time judgment is confessed thereon under a warrant of attorney which is joint, only, the judgment must be vacated, on motion, where it is shown that one of the joint makers was dead before judgment was confessed.

*Mayer* v. *Pick,* 92 Ill. App. 189, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

ALBERT H. MEADS, for appellant:

The warrant of attorney and note are to be construed together in arriving at the intention of the parties executing the same. 18 Am. & Eng. Ency. of Law, 895; *Clark* v. *Woodruff,* 83 N. Y. 523; *American Express Co.* v. *Pinckney,* 29 Ill. 392; *LeRoy* v. *Beard,* 18 How. 466; *Holmes* v. *Parker,* 25 Ill. App. 225.

The joint warrant of attorney was not determined, as to the survivor, by the death of one of the makers of the power. *Croasdell* v. *Tallant,* 83 Pa. St. 193.

The joint warrant of attorney was sufficient to authorize the confession of judgment against either or both of the makers of the note. *Croasdell* v. *Tallant,* 83 Pa. St. 193; *Knox* v. *Bank,* 57 Ill. 330.

KRAUS & HOLDEN, for appellee:

The warrant of attorney being joint, did not authorize the confession of judgment against appellee alone, after the death of the other joint donor of the power. *Bank* v. *St. John,* 5 Hill, 497; *Hunt* v. *Chamberlain,* 8 N. J. L. 336; *Gee* v. *Lane,* 151 East, 592; *Kahn* v. *Lesser,* 97 Wis. 217; *Rau* v. *Alderson,* 7 Taunt. 453.

The original certificate of evidence not purporting to contain all the evidence on the motion to vacate the judgment, the action of the court in that respect is presumed to have been within its discretionary powers. *Wright* v. *Griffey,* 146 Ill. 394; *Bolton* v. *McKinley,* 22 id. 203; *Railway Co.* v. *Calumet,* 151 id. 512; *Wheeler Chemical Works* v. *Alexander,* 30 Ill. App. 502.

Per CURIAM: When this case was decided by the Appellate Court for the First District the following opinion of that court by ADAMS, P. J., was rendered:

"January 16, 1900, judgment by confession was rendered in favor of appellant, and against appellee, on the following promissory note and by virtue of the following warrant of attorney:

" '$2000.                          CHICAGO, ILL., *August 22, 1899.*

" 'On or before one year after date, for value received, we jointly and severally promise to pay to the order of ourselves the sum of $2000, with interest thereon at the rate of six per centum per annum, after date, until paid, payable semi-annu-. ally.  Both principal and interest are payable in gold coin of the United States of America of the present standard of weight and fineness, at the banking office of Leopold Mayer & Son, Chicago.

" 'It is an express condition of this note that in case of default in the payment of the interest, or any part thereof, to accrue thereon when due, the principal sum of this note shall, at the option of the legal holder hereof, at once become absolutely due.

" 'The payment of this note is secured by a deed of trust to Nathaniel A. Mayer, of even date herewith, on real estate in Cook county, Illinois.  And to further secure the payment of said amount, we hereby authorize, irrevocably, any attorney of any court of record to appear for us in such court, in term time or vacation, at any time after date hereof, and confess a judgment without process in favor of the legal holder of this note, for the amount unpaid upon said principal note, with interest thereon up to the day of entering such judgment or any part thereof, together with costs and $40 attorneys' fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof.                    SIMON PICK,
" 'Endorsed:                                           MINA PICK.
        SIMON PICK,
 ᵇ     MINA PICK.'

"An execution was issued on the judgment and was returned no part satisfied.  February 3, 1900, the court, on motion of appellee's attorney, vacated the judgment and quashed the execution, with leave to appellee to plead instanter.  Appellee demurred to appellant's declaration, and the court sustained the demurrer and dismissed the suit at appellant's costs.  From the judgment so rendered this appeal was taken.

"It appearing by the declaration that the note was not due until about seven months after the time of filing the

declaration, the court, looking solely to the declaration, could not do otherwise than sustain the demurrer. The main question, therefore, is whether the court erred in vacating the judgment.

"It was admitted, on the motion to vacate the judgment, that Simon Pick, whose name is signed to the note and warrant of attorney, died January 3, 1900. While the note is, in terms, the joint and several note of the makers, the warrant of attorney is clearly joint. The language is, '*We* hereby authorize any attorney of any court of record to appear for *us* in such court, in term time or vacation, at any time after date hereof, and confess judgment,' etc. We are of opinion that the warrant of attorney, being joint, does not authorize a several judgment against one of the makers. *Gee* v. *Lane*, 15 East, 592; *Man. and Mech. Bank* v. *St. John*, 5 Hill, 497; *Hunt* v. *Chamberlain*, 8 N. J. L. 336; *Kahn* v. *Lesser*, 97 Wis. 217; *Frye* v. *Jones*, 78 Ill. 627; *Whitney* v. *Bohlen*, 157 id. 571; *Blake* v. *State Bank of Freeport*, 178 id. 182.

"*Gee* v. *Lane* seems to be the leading case on the subject. In that case there was a joint and several bond. The warrant of attorney was executed by the obligors, John Lane and William Gee, and was as follows: 'To appear for *us*, John Lane and William Gee, and to receive a declaration for *us* in an action of debt for £2400 upon a certain bond bearing even date herewith, whereby the said John Lane and William Gee are jointly and severally become bound to the said Thomas Gee in the penal sum of £2400 and thereupon to confess the same action, or else to suffer judgment by *nil dicit* to pass against *us* in the said action,' etc. William Gee having died, the obligee moved for leave to enter up judgment against Lane, the survivor, but the court denied the motion, Lord Ellenborough, C. J., saying: 'An action to be brought against *us* must mean a *joint* action. In the case cited, the warrant of attorney executed by the two was to enter judgment against *me*, which, construed severally, might serve

the purpose; but I am afraid that an authority by two to enter judgment in an action against *us* will not warrant a judgment against one alone. The authority must be pursued; we cannot violate it.'

"In *Hunt* v. *Chamberlain, supra,* the bond was executed by two obligors and was joint and several. The warrant of attorney was to any attorney to appear to an action to be brought against *us.* After the death of one of the obligors judgment by confession was entered against the other. The court, following *Gee* v. *Lane, supra,* reversed the judgment, and say, in substance, that the King's Bench has uniformly adhered to the decision in *Gee* v. *Lane,* and that the court of common pleas has followed that decision since the year 1751. The court further say: 'The present warrant empowers an attorney to appear in an action against Daniel Hunt and Ralph Hunt both, and extends no further. Its language is, 'to an action to be brought against *us,* and confess judgment against *us.*' They were willing to stand *together* in judgment and to meet an execution by their joint means and exertions, but it gives no authority for placing one of them in judgment by *himself,* and leaving him all alone to breast an execution for the whole sum, while the means and estate of the other remain untouched and undisturbed.'

"In *Man. and Mech. Bank* v. *St. John,* 5 Hill, 497, the warrant was signed by three persons, and the power was 'to appear for *us and each of us,*' in an action of debt 'to be brought against *us and each of us,*' and to confess judgment 'against *us and each of us,*' and the court, Bronson, J., delivering the opinion, says: 'I am strongly inclined to the opinion that the warrant will only authorize a joint judgment against all the obligors.'

"In *Kahn* v. *Lesser, supra,* the promissory note and warrant of attorney were executed by Lesser and another, and were both joint, the power being, 'to enter our appearance before any court of record, in term time or in vacation, in any of the States or territories of the United

States, at any time after the said note becomes due, to waive the service of process and confess judgment in favor of the said Simon Kahn or his assigns. It will be observed that the warrant was substantially the same as in the present case. The Supreme Court of Wisconsin held that a judgment against Lesser alone was not authorized by the warrant, and was void, citing numerous cases, and say: 'It is well settled that the authority to confess a judgment under a warrant or power of attorney must be strictly construed. An instrument delegating such power is ordinarily subjected to a strict interpretation, and the authority will not be extended beyond that given in terms, or which is necessary to carry into effect what is expressly given,'—citing numerous authorities.

"In *Frye* v. *Jones*, 78 Ill. 627, the court say: 'The authority to confess a judgment must be clear and explicit and must be strictly pursued,'—citing *Man. and Mech. Bank* v. *St. John*, 5 Hill, 497, and *Chase* v. *Dana*, 44 Ill. 262.

"In *Whitney* v. *Bohlen*, 157 Ill. 571, the power granted was 'to appear for me and confess judgment against me as of any term,' etc. Judgment was entered by confession in vacation, and the court held the judgment unwarranted, saying, among other things: 'It is conceded the power to confess a judgment must be clearly given and strictly pursued, or the judgment will be void,'—citing prior Illinois decisions. See, also, *Blake* v. *State Bank of Freeport*, 178 Ill. 182, in which this language was used: 'If a judgment so entered was not confessed by authority of the defendant it will be void for want of power to confess it, and a defendant who is injured by it may have it set aside upon motion.'

"Other cases might be cited to the same effect, but it is sufficient to say that the great preponderance of authority, English and American, is opposed to the proposition that a judgment may be confessed against one of two or more persons by virtue of a joint warrant of at-

torney authorizing, in terms, a judgment only against all executing the warrant.

"January 16, 1900, when the action was commenced and the unwarranted judgment entered, appellant was not entitled to recover on the note, irrespective of a warrant to confess judgment, because the note, by its terms, did not become due until about seven months thereafter. There is no principle, legal or equitable, by which one can be required to pay money before it becomes due in accordance with his contract. A judicial determination so requiring would be in violation of the contract."

For the reasons given, the Appellate Court properly affirmed the judgment. After a careful examination of the case we are of the opinion that the case was correctly decided below, and, coinciding with the views expressed by the Appellate Court, we adopt its opinion as our own.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*