## Samuel Dulsky, Appellant, v. Jacob Lerner, Appellee.

### Gen. No. 26,164.

1. JUDGMENT—*what defenses available in proceeding by scire facias to revive judgment.* In the proceeding by scire facias to revive a judgment, the defenses available are that there is no such record, or that the judgment has been paid or released, or there has been an accord and satisfaction.

2. JUDGMENT—*what may be shown under affidavit of merits filed in proceeding by scire facias to revive judgment.* Under an affidavit of merits which in effect was a plea of *nul tiel* record, filed in a proceeding by scire facias to revive a judgment, the defendant was permitted to show, as matter of defense, that the power or warrant of attorney under which the judgment was confessed was joint while the judgment entered pursuant to it was several.

3. JUDGMENT—*several judgment on confession under joint power as subject to collateral attack.* A joint power to confess judgment did not authorize a several judgment against one defendant alone, and a judgment so confessed was a nullity and subject to collateral attack for want of jurisdiction in the court to consider it.

Appeal from the Municipal Court of Chicago; the Hon. HARRY C. MORAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Affirmed. Opinion filed December 21, 1921.

HAROLD J. FINDER, for appellant.

THOMAS H. MADDOCK, JACOB H. JAFFE and VINCENT J. GREEN, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

The defendant, Jacob. Lerner, with one Goldberg, executed a promissory note on March 4, 1911, for $150, due 8 months after, to which was added their joint power of attorney to confess judgment at any time after the date of the note. Subsequently, the note came into the hands of the. plaintiff, Dulsky, who, on September 6, 1911, caused a confession of judgment to

be entered in the municipal court of Chicago against the defendant, Lerner, alone. Upon execution being served upon the latter, he filed a debtor's schedule. Nothing further appears to have been done until February 19, 1920, when the plaintiff commenced a scire facias proceeding to revive the judgment of September 6, 1911. The defendant filed an affidavit in the nature of a plea, stating that his defense was (1) that the judgment in question was rendered against the defendant alone pursuant to a joint power of attorney signed by the defendant and another; (2) that the judgment was void and that the trial court was without power or authority to enter judgment against the defendant alone under the joint power of attorney; (3) that the judgment was void for want of jurisdiction in the trial court to enter said judgment, it appearing from the record that the power of attorney attached to the note was joint and did not authorize confession of judgment against the defendant alone. The court held that the defense set up in the affidavit of the defendant was good and dismissed the scire facias proceeding and the plaintiff perfected this appeal, seeking thereby to reverse that action of the trial court.

In the proceeding by scire facias to revive a judgment, "the defenses available, and which go to the plaintiff's right, as against the defendant, to have the judgment executed, are, that there is no such record, or that the judgment has been paid or released, or there has been an accord and satisfaction. The defendant, under the plea of *nul tiel* record, may show the judgment to be void for want of jurisdiction, if that fact appears from an inspection of the record, but he cannot attack it collaterally by contradicting the record." *Bank of Eau Claire v. Reed,* 232 Ill. 238.

The warrant or power of attorney involved in this case was joint and it did not therefore authorize a several judgment against the defendant alone. *Mayer v. Pick,* 192 Ill. 561. It has long been the settled law

of this State that the authority to confess judgment without process must be clear and explicit and must be strictly pursued; and that, if there is no power of attorney to enter the appearance of the defendant and confess judgment, such judgment is a nullity and binds no one, and may be attacked collaterally for want of jurisdiction in the court to consider it. *Roundy v. Hunt,* 24 Ill. 598; *Chase v. Dana,* 44 Ill. 262; *Tucker v. Gill,* 61 Ill. 236; *Frear v. Commercial Nat. Bank,* 73 Ill. 473; *Hall v. Hamilton,* 74 Ill. 437; *Frye v. Jones,* 78 Ill. 627; *Little v. Dyer,* 138 Ill. 272; *Whitney v. Bohlen,* 157 Ill. 571; *Blake v. State Bank of Freeport,* 178 Ill. 182; *Mayer v. Pick,* 192 Ill. 561; *Weber v. Powers,* 213 Ill. 370; *Keen v. Bump,* 286 Ill. 11.

The defendant does not seek to contradict the record but relies on the fact that it affirmatively appears from the record that the power or warrant of attorney in question was joint while the judgment entered pursuant to it was several and that this was therefore a good defense and could be shown under a plea of *nul tiel* record, which was the effect of the affidavit he filed. In our opinion, the defendant's contention is sound under the authorities cited.

We find no error in the record and therefore the judgment of the municipal court is affirmed.

*Affirmed.*

O'Connor, P. J., and Taylor, J., concur.