Farmers Exchange Bank of Elvaston, Appellant, v. Marie Sollars, Appellee.

Gen. No. 8,572.

Heard in this court at the October term, 1931. Opinion filed February 1, 1932.

JOHN W. WILLIAMS and O'HARRA, O'HARRA & ROETH, for appellant.

CLYDE P. JOHNSON and MACK & MACK, for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

The Farmers Exchange Bank of Elvaston, appellant in the above case, confessed a judgment against the appellee, Marie Sollars, in the circuit court of Hancock county, Illinois, in vacation during the June term, 1930, of said court.

Judgment was confessed on two notes, one for the sum of $3,000, and one for the sum of $600, each of said notes being signed by J. E. Sollars and Marie Sollars, husband and wife. Included in each of said

notes and forming a part thereof was a power of attorney to confess judgment.

J. E. Sollars, the husband of said Marie Sollars, appellee, died some time before judgment was entered on the notes, which fact was set out in the declaration and in the affidavit showing the execution of the notes. Judgment was entered against appellee for the amount due on both of said notes. The largest of said notes was in the words and figures following:

$3,000.00                            Elvaston, Ill., Dec. 5, 1929.

Six months after date, we, or either of us, for value received promise to pay to the order of The Farmers Exchange Bank Three thousand dollars with interest thereon from date until paid, at the rate of seven per cent per annum, payable annually at the Farmer's Exchange Bank of Elvaston, Illinois.

And if not paid when due and placed in the hands of an attorney for collection the further sum of ten per cent upon the amount due as attorney's fees, the same to be included in any judgment rendered hereon. The makers and all indorsers hereof severally waive presentment for payment, notice of non-payment, protest and notice of protest of this note, and to secure the payment of said amount, authority is hereby irrevocably given to any attorney of any court of record to appear for the undersigned in any court of record in term time or vacation, at any time hereafter, either before or after the maturity of this note, and waive the issuance and service of process and confess judgment against the undersigned in favor of the holder of this note, for the amount of the above note and all costs, including said ten per cent of the amount due, as attorney's fees and to file a cognovit for the amount and an agreement waiving and releasing all errors which may intervene in any such proceeding, and with an agreement that no writ of error or appeal shall be prosecuted upon such judgment, nor shall any bill in

equity be filed to intervene in any manner therewith and also to consent to the immediate issuance of an exception upon said judgment, all that said attorney may do by virtue hereof being hereby ratified.

J. E. SOLLARS (Seal)
MARIE SOLLARS (Seal)

P. O. ............
No. 8677   Due June 3.

The other note was exactly the same in form, differing only in date and amount, and was executed by the same parties.

Execution was issued out of the clerk's office upon said judgment served upon appellee and in due time returned *nulla bona* and thereafter garnishment proceedings commenced against various garnishees and writs issued and served upon the garnishees.

On October 20, 1930, during the October term of said court, appellee appeared in said court by her attorneys and entered her appearance specially, and moved the court to vacate said judgment on the ground that it was void for the want of jurisdiction of the person of appellee, as shown upon the face of the record. The motion to vacate was based upon the fact that the warrant or power of attorney to confess judgment was joint as to the two signers thereof and there was no power or jurisdiction to confess and enter a judgment against one of the makers only, and that the judgment was void. The court granted the motion and vacated the judgment, and appellant has brought the record to this court, by appeal, for review.

It would appear that all questions raised by this appeal had been fully settled by what the court said in *Mayer v. Pick,* 192 Ill. 561, and *Keen v. Bump,* 286 Ill. 11, 14, in which last case the court fully affirmed all that it had said in *Mayer v. Pick, supra.*

But appellant cites paragraph 3 of Cahill's St. ch. 76, as to joint rights and obligations, which provides:

"Except as otherwise provided in this Act, all joint obligations and covenants shall be taken and held to be joint and several obligations and covenants," and the intimation is that there has been some change or modifications made to this section since the court decided the case of *Mayer v. Pick, supra,* that might lead to a different conclusion in this case from the conclusion arrived at in *Mayer v. Pick, supra.* The *Mayer* case, *supra,* was decided in 1901 and we have examined the language of said section 3 of chapter 76, as it stood in 1877 and as it read to a date later than 1906. It then read: "All joint obligations and covenants shall be taken and held to be joint and several obligations and covenants," and it reads exactly the same way now, except the words added in the beginning, "Except as otherwise provided in this act," referring to changes made in the laws of joint tenancy and survivorship. The rule as to joint obligations and covenants has remained the same as it was as early as 1877, and must have been fully considered by the court when the opinion in *Mayer v. Pick* was handed down, which was an adoption of the opinion of the Appellate Court in that case.

The facts in *Mayer v. Pick, supra,* were the same in all particulars as the facts in this case. The note was signed by two parties, husband and wife, and the obligation upon the note was a joint and several obligation. The only difference in wording as to the warrant to confess judgment is that in *Mayer v. Pick, supra,* the power was, "to appear for us," while in the case at bar, the authority was "to appear for the undersigned." The rule laid down in *Mayer v. Pick, supra,* was based upon the rule adhered to in England from the earliest times and is in conformity with the rule in the majority of the American States. It is a reasonable rule and has been followed in Illinois now for 30 years, and it is not within the discretion of

this court to change the rule. After the judgment was set aside in the circuit court upon the motion of appellee, she then moved to quash various writs against the garnishees, and appellant contends that thereby appellee entered her full appearance and became bound by the judgment. This is a misapprehension. The judgment was entered in vacation and having been entered without any power or authority, the judgment was void and could be attacked collaterally. *Desnoyers Shoe Co. v. First Nat. Bank,* 188 Ill. 312.

Finding no error in the record, the judgment of the circuit court of Hancock county is affirmed.

*Affirmed.*