Anna Genden, Appellant, v. Dora Bailen, Appellee.

Gen. No. 37,443.

 Opinion
filed June 11, 1934.

IRVING BREAKSTONE, for appellant.

GOLDEN & GOLDEN, for appellee.

HOYNE, O'CONNOR & RUBINKAM, for garnishee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Judgment for $1,286.24 was entered against M. Bailen and Dora Bailen by virtue of a power of attorney contained in a note for $1,500 executed by both parties. Dora Bailen moved that the judgment be vacated on the ground that, as shown by her affidavit, M. Bailen, her husband, had died a few days before the entry of the judgment, and the power of attorney was joint; the trial court thereupon vacated the judgment and plaintiff appeals from that order.

While the obligation in the note was joint and several, the authority to confess judgment was joint. This is conceded. But plaintiff says the court should not have vacated the judgment but should have opened it up, letting it stand as security until the case was tried. Defendant filed no affidavit of merits and plaintiff argues that as a motion to set aside a judgment by confession is an appeal to the equitable powers of the

court, the judgment should not be set aside where there is no showing of any defense upon the merits, citing *Colson v. Leitch,* 110 Ill. 504, and a large number of other cases.

*Mayer v. Pick,* 192 Ill. 561, is the leading case on this subject. There the note was joint and several—the power of attorney joint; one of the makers died before the judgment against the survivor was entered. The court, after citing a large number of cases, held that as the warrant of attorney was joint, the trial court properly vacated the judgment.

The latest case dealing with the subject is *Farmers Exchange Bank of Elvaston v. Sollars,* 353 Ill. 224. The facts there involved, except as to the language of the power of attorney, are almost identical with those in the instant case. There a note, with power to confess judgment, was signed by Marie Sollars and her husband, J. E. Sollars; judgment by confession was entered against Marie Sollars and garnishment proceedings were instituted and writs served upon various garnishees; Marie Sollars moved the court to vacate the judgment for the reason that J. E. Sollars had died before the judgment was entered; hence, it was claimed, the judgment against her was void as the power of attorney was joint and the court had no power or jurisdiction to enter a judgment against one of the makers only; no affidavit of merits was filed; the court allowed the motion and vacated the judgment. On appeal to the Appellate Court this order was affirmed in 265 Ill. App. 98; the case went by certiorari to the Supreme Court, which reasserted the rule that the power to confess judgment does not authorize confession of judgment against only one of the signers if the warrant is joint and not joint and several, citing *Mayer v. Pick, supra,* and *Keen v. Bump,* 286 Ill. 11. The Supreme Court, however, was of divided opinion as to the power of attorney, the

majority holding that it was joint and several, and the minority that it was joint. There was no disagreement upon the proposition that if the warrant was joint the judgment was void and should be vacated.

We have noted the cases cited by plaintiff—*Farwell v. Huston,* 151 Ill. 239, and *State Bank of Clinton v. Barnett,* 151 Ill. App. 79, and like cases. We are not persuaded by them to depart from the rule announced in the later case by the Supreme Court. Plaintiff takes what seems to.us an inconsistent position, namely, that the lien of a judgment admittedly void should, however, be continued in force until there was a final disposition of the cause.

We are also inclined to hold that an application to the court to vacate a judgment void upon the record is not an application to the equitable powers of the court in the sense that such words are used in a proceeding in equity. In a chancery proceeding the parties must show a willingness to do equity, but in a proceeding in a suit at law where, as we have said, a judgment is void as shown by the record, it is not necessary for the mover to do more than call attention of the trial court to the lack of jurisdiction to enter the judgment.

If a judgment is entered by confession without authority of the defendant it will be void for want of power to confess it. (*Stein v. Good,* 115 Ill. 93; *Whitney v. Bohlen,* 157 Ill. 571.) In such cases the judgment is to be considered as absolutely void. (*Blake v. State Bank of Freeport,* 178 Ill. 182; *White v. Jones,* 38 Ill. 159.)

''Where it clearly appears that the plaintiff was not entitled to judgment on the notes and warrants of attorney, the court should vacate the judgment and leave him to pursue the ordinary remedy by action. But where the case is involved in doubt, or the testimony is so contradictory that the truth cannot be ascertained with reasonable certainty, the defendant

should be let into a defense on the merits, the judgment in the meantime being allowed to stand as security until the merits of the case are heard and determined—all proceedings upon it however being stayed until the suit is finally determined. *Lake v. Cook,* 15 Ill. 353; *Norton v. Allen,* 69 Ill. 306; *Boynton v. Renwick,* 46 Ill. 280.''—Quoted from *Walker v. Ensign,* 1 Ill. App. 113.

Plaintiff contends that the defendant, when she moved to vacate the judgment, entered her general appearance. In *Kloeckner v. Schafer,* 110 Ill. App. 391, it was held under such circumstances that the trial court erred in dismissing the suit. In the instant case the suit was not dismissed. The record shows that the court upon the same day the judgment was rendered granted leave to plaintiff to file an amended statement of claim in 10 days, defendant to plead in 10 days thereafter; plaintiff, however, did not file an amended statement of claim and the record shows that subsequently, on motion of the defendant, the suit was dismissed for failure of plaintiff to file an amended statement of claim, but this order of dismissal was subsequently vacated. We see no reason why plaintiff may not in the present case file an amended statement of claim and proceed against the defendant, Dora Bailen.

The Metropolitan Life Insurance Company was served with garnishment summons and has filed a brief in which cases are cited supporting the action of the court in vacating the judgment. The brief also correctly says that where the original judgment upon which a garnishment proceeding is founded is vacated, the garnishment proceeding falls with it. *Pick v. Mutual Life Ins. Co.,* 94 Ill. App. 483; *Baering v. Epp,* 247 Ill. App. 51; *Newport v. McPherson,* 203 Ill. App. 208; *Kirk v. Elmer H. Dearth Agency,* 171 Ill. 207; *Bux v. Wangelin,* 216 Ill. App. 562. In the recent case

of *Chicago Title & Trust Co. v. LaPorte Bldg. Corp.*, 274 Ill. App. 335, it was held that after an order is entered discharging a garnishee, from which order an appeal is prayed and not perfected, it is the duty of the garnishee to pay the money in his hands to the person entitled thereto.

For the reasons indicated we hold that the trial court properly vacated the judgment, and this order is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.