John E. Merrion, Appellee, v. Julia V. O'Donnell et al.,
Defendants.
Appeal of Julia V. O'Donnell, Appellant.

Gen. No. 37,702.

Opinion filed March 29, 1935.

SHEEHAN, ROONEY & EGAN, of Chicago, for appellant.

CHARLES J. TRAINOR, of Chicago, for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This appeal seeks to reverse an order of the municipal court entered May 14, 1934, denying the motion of Julia V. O'Donnell to vacate a judgment by confession for $20,497.56, entered March 17, 1933, against her, James V. Garvin and Margaret C. Garvin.

August 21, 1925, the defendants, together with Simon O'Donnell, executed their promissory note for $25,000 payable to their own order five years after date with interest at six per cent per annum, and indorsed and·

delivered it to plaintiff. At the same time they executed a trust deed conveying certain premises to secure said note. Simon O'Donnell died February 7, 1927.

The note contained the following warrant of attorney:

"And any attorney at law is hereby irrevocably authorized to appear for the undersigned in any court of record in term time or vacation, at any time after maturity, and confess a judgment in favor of the holder of this note, for such amount as may be unpaid thereon, together with costs and reasonable attorney's fees, and to waive and release all errors which may intervene in any such proceedings, hereby ratifying and confirming all that such attorney may do by virtue hereof."

When the note became due $5,000 of the principal was paid and the surviving makers, defendants below, entered into a written extension agreement with plaintiff August 21, 1930, under the terms of which the time for the payment of the $20,000 balance due on the principal note was extended, same to be paid in instalments over a period of five years, at the same rate of interest, which interest was evidenced by interest coupons executed and delivered to plaintiff by defendants.

This extension agreement also provided:

"And the said parties hereto further mutually agree that all the provisions, stipulations, powers and covenants in said principal note and in said Trust Deed contained shall stand and remain unchanged and in full force and effect for and during said extended period, except only as the same are herein and hereby specifically varied or amended."

Two thousand dollars more was paid on the principal note September 17, 1931, and thereafter the defendants defaulted in the payment of principal and interest.

As heretofore stated judgment was confessed for $20,497.56, including interest and attorney fees, March 17, 1933, against Julia V. O'Donnell, James V. Garvin and Margaret C. Garvin, under the warrant of attorney contained in the $25,000 judgment note executed by them and Simon O'Donnell, August 21, 1925. April 23, 1934, Julia V. O'Donnell filed her verified petition, alleging that Simon O'Donnell died February 7, 1927; that his death invalidated the joint warrant of attorney in said note; that the court was without jurisdiction to enter the judgment by confession under such warrant of attorney; that the attempt to exercise the warrant of attorney was not in conformity with its terms and provisions; and that the judgment so entered by confession was, therefore, null and void and of no force or effect. The petition prayed that the judgment be vacated and set aside.

Plaintiff concedes that the warrant of attorney contained in the note in question was joint, and that the general rule is that a joint power of attorney to confess judgment on a note is strictly construed and terminates upon the death of one of the persons executing such power of attorney, but claims that the real question presented for our determination is the construction to be given to the extension agreement executed by defendants upon the maturity of the principal note after the death of Simon O'Donnell.

It is urged that it was the obvious intention of the parties to incorporate in the extension agreement by reference the power of attorney contained in the note as the power of attorney of its surviving makers, and that the extension agreement, therefore, authorized the entry of the judgment.

The difficulty of this position is that there was no authorization to confess judgment in the extension agreement. The only note in this cause which contained a warrant of attorney was the note of August 21, 1925, executed by Simon O'Donnell and the

defendants and that was the note and warrant of attorney declared upon in plaintiff's statement of claim. That warrant of attorney was shorn of its power, life and authority by Simon O'Donnell's death. Regardless of, and notwithstanding the purpose and intention of the parties when they executed the extension agreement, we are at a loss to understand how they could by any act of theirs revitalize this warrant of attorney which was long since dead. The law looks not to the intent alone, but to the fact whether that intent has been executed in such a manner as to possess a legal validity. In our opinion, it is impossible to construe the extension agreement either separately or coupled with the note containing the warrant of attorney in any manner that would authorize the entry of the judgment by confession in this cause.

Inasmuch as the motion to vacate was not presented until more than a year after the entry of the judgment, it is urged that the trial court did not abuse its discretion in refusing to vacate it since no equitable ground was advanced for its vacation nor a good defense set forth to plaintiff's claim on the note. It is sufficient to state that the motion was not directed to the equitable powers of the court and that it was not requisite that defendant Julia V. O'Donnell present a meritorious defense on her application to vacate a judgment void upon the record.

In the recent case of *Genden v. Bailen*, 275 Ill. App. 382, where questions similar to those presented here were considered, this court said at pages 384, 385:

"*Mayer v. Pick*, 192 Ill. 561, is the leading case on this subject. There the note was joint and several—the power of attorney joint; one of the makers died before the judgment against the survivor was entered. The court, after citing a large number of cases, held that as the warrant of attorney was joint, the trial court properly vacated the judgment.

" . . .

"We are also inclined to hold that an application to the court to vacate a judgment void upon the record is not an application to the equitable powers of the court in the sense that such words are used in a proceeding in equity. In a chancery proceeding the parties must show a willingness to do equity, but in a proceeding in a suit at law where, as we have said, a judgment is void as shown by the record, it is not necessary for the mover to do more than call attention of the trial court to the lack of jurisdiction to enter the judgment.

"If a judgment is entered by confession without authority of the defendant it will be void for want of power to confess it. (*Stein v. Good*, 115 Ill. 93; *Whitney v. Bohlen*, 157 Ill. 571.) In such cases the judgment is to be considered as absolutely void. (*Blake v. State Bank of Freeport*, 178 Ill. 182; *White v. Jones*, 38 Ill. 159.)"

For the reasons indicated herein the order of the municipal court of May 14, 1934, overruling the motion of defendant Julia V. O'Donnell to vacate the judgment by confession is reversed, and the cause is remanded with directions to vacate such judgment.

*Reversed and remanded with directions.*

FRIEND, P. J., and SCANLAN, J., concur.