(No. 25817.

W. F. HOLMES, Appellant, *vs.* W. F. PARTRIDGE, Appellee.

*Opinion filed February 14, 1941.*

HALL, MITCHELL & PETZ, for appellant.

POWERS & POWERS, for appellee.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

The sole question in this case is whether warrants of attorney appearing in two promissory notes are joint or joint and several.

On March 30, 1938, W. F. Holmes, appellant, caused judgment by confession to be entered in the circuit court of Livingston county against W. F. Partridge, appellee, upon two notes signed by appellee and three others, as makers, in the amounts of $1750 and $775. At the time the judgment was taken, two of the makers, Todd V. Richards and J. D. Richards, were dead. Appellee thereafter filed a motion in the circuit court to vacate the judgment on the ground the warrants of attorney in the notes were joint and did not authorize a judgment against only one of the signers. The circuit court denied appellee's motion. The order was reversed by the Appellate Court for the Second District and the cause was remanded with directions to vacate the judgment. Leave to appeal was granted by this court.

The instruments embodying the notes are identical except for dates and amounts. The instrument embodying the $1750 note is as follows:

"$1750.00                          Cornell, Ill., February 18, 1928.

"Sixty days after date, for value received, I promise to pay to the order of Farmers State Savings Bank, at the said Bank in Cornell, Ill., Seventeen Hundred Fifty and no/100 Dollars with interest at the rate of seven per cent per annum after date.

"If this note is placed in the hands of an attorney at law for collection, either in the ordinary course of collection, or by virtue of the power herein conferred, I agree to pay an attorney's fee of five per cent of the face of this note and twenty-five dollars. And in consideration of the above indebtedness and as further security for the same, I hereby irrevocably nominate, appoint and make any attorney at law in the State of Illinois, or any other State or Territory of the United States, my true and lawful attorney, to appear for me in any court of record in the said State of Illinois or in any other State or Territory of the United States either in term time or in vacation, at any time after the date hereof and to waive service of process and to confess a judgment on this note in favor of the payee or any assignee thereof for such sum as shall at such time appear to be unpaid thereon; including attorney's fee as provided for above and herein authorized to be confessed, together with the costs of suit to be

taxed; to agree that no writ of error or appeal shall be prosecuted on such judgment, nor any bill in equity be exhibited, to interfere therewith; to release all errors in the entering of such judgment, or the issuing of execution thereon, and to consent to the immediate issuing of execution thereon. And in consideration of the liability above expressed, I waive all right to claim exemption of any property from execution or attachment for the whole or any part of the amount hereby secured. All signers of this note are principals. No extension of time of payment, with or without our knowledge by the receipt of interest or otherwise, shall release us, or either of us, from the obligation of payment.

"In presence of

Apr. 18, 1928
No. A 9718
Due 4/18/28

TODD V. RICHARDS
CHARLOTTE RICHARDS
J. D. RICHARDS
W. F. PARTRIDGE"

We have held that a warrant of attorney does not authorize a judgment by confession on a note against only one of the signers if the warrant is joint and not joint and several. (*Mayer* v. *Pick*, 192 Ill. 561; *Keen* v. *Bump*, 286 id. 11.) Appellant contends the powers of attorney here involved are joint and several and that the judgment against appellee as one of the signers should not be vacated.

The general rule of construction is that authority to confess judgment under a warrant of attorney must be strictly construed and must be strictly followed. (*Mayer* v. *Pick, supra; Frye* v. *Jones*, 78 Ill. 627; *Tucker* v. *Gill*, 61 id. 236; *Kahn* v. *Lesser*, 97 Wis. 217.) When we view the warrants of attorney in the notes appellee signed, it appears the pronoun "I" and other singular pronouns are used throughout. The power reads: "*I* hereby irrevocably nominate, appoint and make any attorney at law * * * *my* true and lawful attorney * * * to appear for *me*," etc. If there were only one signer to the notes, the pronouns would refer clearly to him. In the case at bar, where four have signed, the pronouns "I," "me" and "my" can only refer to the signers severally. They cannot refer to the signers jointly under any interpretation which is reasonably in accord with the general rule of construction.

Appellee has argued that the use of the singular pronouns can only be treated as mistake or oversight and that the parties really intended to insert the pronouns "we" and "us." No marks appear on the note and nothing in the record permits the inference of such an intention. By the use of the singular personal pronouns in the warrants of attorney, they are necessarily joint and several.

We have held that when the undertakings of the signers are contained in a single instrument, all the provisions may be considered in construing any portion of it. (*Farmers Exchange Bank* v. *Sollars,* 353 Ill. 224.) While in *Mayer* v. *Pick, supra,* and *Keen* v. *Bump, supra,* it was said the mere fact the promissory note is joint and several would not affect the warrants of attorney, if the latter were, in fact, joint, the provisions of the note may be considered in determining if the warrant is joint or joint and several. (*Farmers Exchange Bank* v. *Sollars, supra.*) The note features of the instruments clearly indicate an intention to be bound jointly and severally. This is an additional factor leading to the conclusion that the warrants of attorney should be construed as joint and several. Appellee has cited *Mayer* v. *Pick, supra,* in support of the construction that the warrants here are joint only, but the warrant therein construed contained the words "we" and "us" which, in terms, are clearly joint and differ materially from the pronouns "I" or "me" which are clearly joint and several and were used by the parties here.

The Appellate Court erred in holding that the warrants of attorney are joint. Its judgment is reversed, and that of the circuit court of Livingston county, denying the motion of appellee to vacate the judgment by confession, is affirmed.

*Judgment of Appellate Court reversed.*
*Judgment of circuit court affirmed.*