Helen S. Nash, Executrix of Last Will and Testament of J. A. Nash, Deceased, Substituted for J. A. Nash, Deceased, as Party Plaintiff, Appellant, v. James H. Clark et al., Appellees.

Gen. No. 9,644.

Opinion filed April 25, 1941. Rehearing denied June 24, 1941.

LATHAM CASTLE and THEODORE L. ANDERSON, both of Sycamore, and WALTER F. DODD, of Chicago, for appellant.

J. E. MATTESON, H. E. MANN, JOHN G. BOYLE, JR., and H. W. McEWEN, all of De Kalb, for appellees.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

On June 7, 1934, J. A. Nash, in the circuit court of DeKalb county, obtained a judgment by confession on a promissory note against James H. Clark, Lutie J.

Stewart, Fred Hartman, W. R. Haish, J. L. Stewart and G. S. Potter in the amount of $11,027.39.

On May 4, 1940, Craige C. Kennedy, individually and as administrator of the estate of G. S. Potter, deceased, and also each of the other defendants, filed motions in said court to vacate and set aside the judgment as rendered of June 7, 1934. The motions stated that the judgment is indefinite and fails to set forth the person or persons against whom the judgment was rendered; that the court was without jurisdiction to enter the purported judgment against James H. Clark, Lutie J. Stewart, Fred Hartman, W. R. Haish and G. S. Potter, because the defendant, J. L. Stewart, one of the signers of said note, and defendant in said judgment, was dead at the time the judgment was confessed; that he had died on January 21, A. D. 1930; that the warrant of attorney in the note on which judgment was entered by confession, is the joint undertaking of all of the signers, and does not authorize the taking of a several judgment against the makers, and that by reason of the death of J. L. Stewart, before the entering of the judgment, the said warrant of attorney was void and that the court had no power to render judgment upon said warrant.

The court sustained the motion to set aside and vacate the judgment, and entered an order accordingly. It is from this judgment that this appeal is prosecuted.

The note and warrant of attorney to confess judgment, is as follows:

"Hinckley, Ill., Sept. 20, 1927.

"$8000.00

"Six months after date, for value received, I, we, or either of us as principal, promise to pay to J.A. Nash, on order Eight Thousand Dollars at the Hinckley State Bank, Hinckley, Illinois, with interest after date at the rate of 6 per cent per annum until paid.

"In consideration thereof, I do hereby authorize any attorney of any Court of Record, in term time or

vacation, to enter my appearance therein at any time after the date hereof, to waive all process, and to confess judgment or judgments in favor of the legal holder hereof, against me alone or jointly with any other signers hereof, for amount then due and costs with ten dollars, and two and one-half per cent on the amount then due on this note in addition, as attorney's fees, and consent to immediate execution on the judgment so confessed, and waive all errors in the rendition thereof. No extension of payment shall release any signer hereof, whether given with or without his consent. And I further authorize the said bank, in case of default in the payment of this note at maturity, to sell any collateral of mine in its possession at public or private sale, with or without advertising, and to apply the proceeds, after the payment of expenses of this sale, to the payment of this note.

"(Signed) Jas. H. Clark     (SEAL)
(Signed) Lutie J. Stewart     (SEAL)
(Signed) Fred Hartman     (SEAL)
(Signed) W. R. Haish     (SEAL)
(Signed) J. L. Stewart
(Signed) G. S. Potter."

The appellees insist in this court, that the note and power of attorney is not joint and several, and that appellant could not take judgment on the same against one, or more of the signers of the note, but must be against all of them. In the case of *Holmes v. Partridge,* 375 Ill. 521, the Supreme Court was considering whether the note and warrant of attorney was joint, or joint and several, and whether the judgment as taken in the trial court was valid. In the opinion, the court says: "We have held that a warrant of attorney does not authorize a judgment by confession on a note against only one of the signers if the warrant is joint and not joint and several. (*Mayer v. Pick,* 192 Ill. 561; *Keen v. Bump,* 286 id. II.) Appellant contends the powers of attorney here involved are joint and several

and that the judgment against appellee as one of the signers should not be vacated.

"The general rule of construction is that authority to confess judgment under a warrant of attorney must be strictly construed and must be strictly followed. (*Mayer v. Pick, supra; Frye v. Jones,* 78 Ill. 627; *Tucker v. Gill,* 61 id. 236; *Kahn v. Lesser,* 97 Wis. 217.) When we view the warrants of attorney in the notes appellee signed, it appears the pronoun 'I' and other singular pronouns are used throughout. The power reads: '*I* hereby irrevocably nominate, appoint and make any attorney at law . . . *my* true and lawful attorney . . . to appear for *me*,' *etc.* If there were only one signer to the notes, the pronouns would refer clearly to him. In the case at bar, where four have signed, the pronouns 'I,' 'me' and 'my' can only refer to the signers severally. They cannot refer to the signers jointly under any interpretation which is reasonably in accord with the general rule of construction. Appellee has argued that the use of the singular pronouns can only be treated as mistake or oversight and that the parties really intended to insert the pronouns 'we' and 'us.' No marks appear on the note and nothing in the record permits the inference of such an intention. By the use of the singular personal pronouns in the warrants of attorney, they are necessarily joint and several." We think that the note and warrant of attorney in question is joint and several and not joint.

The abstract, contains the decision of the trial court. An examination of this discloses the court thought that the power of attorney, was joint and several, but his decision in the case was based upon the fact, that one of the signers of the note, J. L. Stewart, having died prior to the time the judgment was taken, the judgment was void as to all of the defendants.

This precise question has not been passed upon either by our Supreme or Appellate Courts. It is the

contention of the appellant, that under the new Practice Act, which was adopted in 1933, and became effective January 1, 1934, that this court can find that the judgment was void as to J. L. Stewart, but in full force and effect as to the other signers of the note. No doubt, under the law as declared by our courts, a judgment prior to the time of the adoption of the new Practice Act, was an entirety. If it was void as to one of the defendants, it was void as to all. *Livak v. Chicago & Erie R. Co.*, 299 Ill. 218.

In the case of *Minnis v. Friend,* 360 Ill. 328, the plaintiff recovered a judgment for $15,000, against Friend and the city of Chicago. Each of the defendants perfected an appeal to the Supreme Court. In the discussion of the case by the court, we find this language: "Counsel for Minnis contend that although heretofore we have held that tort judgments against more than one defendant are not divisible and that a reversal as to one such defendant works a reversal as to all, (*Livak v. Chicago and Erie R. Co.* 299 Ill. 218,) paragraph (*f*) of section 92 of the Civil Practice act permits a reviewing court to reverse a judgment as to one and to affirm as to another defendant. The act provides:

" 'Sec. 92. In all appeals the reviewing court may, in its discretion, and on such terms as it deems just,—

. . .

" '(f) Give any judgment and make any order which ought to have been given or made, and make such other and further orders and grant such relief, including a remandment, a partial reversal, the order of a partial new trial, the entry of a remittitur, or the issuance of execution, as the case may require.' " The court then quotes certain sections of the statute and quotes at length from *Livak v. Chicago & Erie R. Co., supra,* then the opinion continues: "There is no substantial reason to impel us to adhere to the common

law rule that a judgment is a unit where it is clear that no right of action existed, as a matter of law, against one defendant, the city of Chicago, but a cause of action is proved against the other defendant, Friend. In addition, section 4 of the Civil Practice act provides that the act shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties. Nor is there any merit in the contention of the appellant Friend that individual defendants might be permitted to pay a plaintiff and induce plaintiff to confess error as to them, nor in the contention that if a new trial were had a smaller verdict might be returned against Friend if the city, with its immense taxing power, were removed from the case. In support of this last contention counsel for Friend rely upon *Washington Gas Light Co. v. Lansden,* 172 U. S. 534. That was a libel suit involving a showing of the financial ability of the corporation impleaded with certain of its officers as defendants. In reversing the judgment against the gas company it was properly held that a new trial should be allowed as to the remaining defendants, for the reason that this evidence as to the corporation's financial condition had been improperly admitted and tended to prejudice the individual defendants. No such testimony was given in this case. Such an injustice will not result to the defendant Friend if the judgment be affirmed as to him. We hold that under the Civil Practice act the judgment is not a unit but is divisible.'' The judgment of the trial court was reversed as to the city of Chicago, but affirmed as to the defendant, Friend. In the case of *Rhoden v. Peoria Creamery Co.,* 278 Ill. App. 452, we held the law to be as stated in *Minnis v. Friend, supra.* To the same effect is *Adkins v. Strathmore Co.,* 278 Ill. App. 183; *Spelina v. Sporry,* 279 Ill. App. 376.

It is therefore our conclusion that the judgment against J. L. Stewart was null and void, but the judg-

ment as to the other signers of the note was a legal and valid judgment. The judgment of the trial court is reversed.

*Judgment reversed.*