WILENSKY and others, Respondents, vs. MILLER, Appellant.*

*October 4—November 8, 1950.*

590

For the appellant there was a brief by *Brazeau & Brazeau* of Wisconsin Rapids, and oral argument by *Theo. W. Brazeau.*

For the respondents there was a brief by *Krueger & Fulmer* of Wausau, and oral argument by *William F. Krueger.*

MARTIN, J. The judgment was entered by the Illinois court against Leo A. Miller upon the power of attorney contained in the following instrument:

                "Judgment Note — Short Form.

"$1,000                                11–26–1938

"....................after date, for value received, we promise to pay to the order of Wilensky, Lash & Mages one thousand and no/100 dollars, at 37 South Water Mkt. with interest at 6% per cent per annum after............. until paid.

"And to secure the payment of said amount...........
..............hereby authorize, irrevocably, any attorney of any court of record, to appear for.................... in such court, in term time or vacation, at any time hereafter, and confess a judgment, without process, in favor of the holder of this note, for such amount as may appear to be unpaid thereon, together with costs and................. dollars attorney's fees, and to waive and release all errors which may intervene in any such proceedings and consent to immediate execution upon such judgment, hereby ratifying and confirming all that....................said attorney may do by virtue hereof.

"s/ Miller Bros. Co.
"s/ By Leo A. Miller"

Upon its reverse side it bears the indorsement of Leo A. Miller.

In the action in the Wisconsin court it was found that the note was executed in Illinois, which finding is not attacked. Consequently the rights and obligations of the parties are governed by Illinois law. Restatement, Conflict of Laws, p. 408, sec. 332; p. 425, sec. 346.

It will be observed that the blanks in the printed form of power of attorney are not filled in. However, the word "we" contained in the part of the form which constitutes the note was inserted by one or the other of the parties. To give any effect to the power of attorney, we are compelled to look to the entire instrument and from it supply the words for its blanks. *Farmers Exchange Bank v. Sollars* (1933), 353 Ill. 224, 187 N. E. 289. The insertion of the word "we" in the note evidences the nature of the obligations undertaken and assumed by those who executed the entire instrument. The word and its implications must be carried into the entire instrument, and we must construe the power of attorney as though the word "we" had been inserted in its first blank and the word "us" in its second.

In *Herman v. Metropolitan Petroleum Co.* (1929), 253 Ill. App. 536, 537, a note with power of attorney to confess judgment was signed:

> "Metropolitan Petroleum Co.
> "By Israel B. Zimmerman
> "Nat Rue 1606 W. Roosevelt Road."

The defense of Nat Rue was that he signed the note as an officer of the company and that his signature created no liability upon him personally. The court held that he as well as the corporation was liable, and said: "The word 'by' [preceding the signature of Zimmerman] portends nothing and must be treated as if it were not there." It follows that in this case the defendant, by signing the note as he did, made himself personally liable.

By use of the word "we" in the note the makers assumed a joint liability, and by supplying the words in the blanks of the power of attorney, as we must, they executed a joint power of attorney. *Mayer v. Pick* (1901), 192 Ill. 561, 61 N. E. 416; *Holmes v. Partridge* (1941), 375 Ill. 521, 31 N. E. (2d) 948; 12 Am. Jur., Contracts, p. 814, sec. 268.

In *Mayer v. Pick, supra,* a note and power of attorney to confess judgment described the makers by use of the word "we." Before action upon the instrument one of the makers of the note died and judgment was sought to be taken upon the warrant against the survivor. It was held that the power of attorney was revoked upon the death of the deceased maker and that because it was a joint warrant, judgment against the surviving maker was denied. See also *Keen v. Bump* (1918), 286 Ill. 11, 121 N. E. 251; *Holmes v. Partridge, supra.*

Miller Brothers Company was dissolved as a corporation in February, 1940, and has done no business since. Sec. 181.02, Stats., provides that corporations which shall be dissolved shall nevertheless continue to be body corporate for

three years thereafter for the purpose of prosecuting and defending actions and enabling them to close up their business, etc.

"When the three-year period expired the corporation ceased to exist. It had no function to perform; . . . being defunct and without legal existence, all actions against it abated." *State ex rel. Pabst v. Circuit Court* (1924), 184 Wis. 301, 306, 199 N. W. 213.

When judgment was entered against Leo Miller the corporation was out of existence for every purpose, the same as if a private person had died. The rule of the cases last cited is therefore applicable; there could be no joint confession of the corporation and Leo Miller and, consequently, none against Miller alone.

There is left the question whether the judgment against Miller is void or voidable, whether a jurisdictional question is involved. The courts are not in accord on the question. 31 Am. Jur., Judgments, p. 118, sec. 489; Anno. 89 A. L. R. 403; 91 Am. St. Rep. 369. But the Illinois court goes with those who hold that it is void, that the court is without power to enter judgment against a surviving subscriber. *Merrion v. O'Donnell* (1935), 279 Ill. App. 435. See also the discussion of earlier Illinois cases in *Mayer v. Pick, supra,* in some of which the court in express terms held a judgment entered against a surviving joint subscriber to a warrant to confess was void.

We conclude therefore that the instant Illinois judgment is void and that it is subject to the collateral attack here made upon it.

Respondent lays great stress upon *Herman v. Metropolitan Petroleum Co., supra.* The cases are distinguishable because there all of the defendants were in court, judgment was entered against all the joint subscribers to the power of attorney. In that case it was not necessary to consider the question

whether the court had power to enter judgment against less than all the subscribers to the power of attorney.

*By the Court.*—Judgment reversed, and cause remanded with instructions to dismiss plaintiffs' complaint.